J. A. FRYAR, JR., PLAINTIFF v. OREN CLIFTON GAULDIN, DEFENDANT.

(Filed 8 May 1963.)

**1. Arrest and Bail § 14—**

Judgment may not be entered against the sureties on a bail bond in a civil action without ten days notice, G.S. 1-436, notwithstanding that default judgment had been entered against defendant and notwithstanding that the bond acknowledges the sureties to be bound to pay plaintiff such damages and costs as may be assessed in the trial of the cause against defendant.

**2. Appeal and Error § 3—**

An order continuing the hearing of a motion until the determination on appeal on a judgment entered on another motion in the cause, is not appealable.

APPEAL by R. L. Gauldin and Minnie L. Gauldin from *Phillips, J.,* October 22, 1962, Civil Term, and from *Riddle, Special J.,* November 5, 1962, Civil Term, of GUILFORD, Greensboro Division.

Plaintiff instituted this action October 20, 1961, to recover damages on account of personal injuries he sustained September 21, 1961, as the result of an unlawful, wilful and malicious assault made upon him by Oren Clifton Gauldin, the defendant. Plaintiff prayed that he recover judgment against defendant for $5,000.00 and "for an order of arrest with bail in the sum of Five Thousand ($5,000) Dollars to be executed by sufficient surety payable to the plaintiff, to the effect that the defendant shall at all times render himself amenable to the process of the Court," and for costs, etc.

On the basis of plaintiff's verified complaint, affidavit and bond (G.S. 1-412), an assistant clerk, at the time the action was instituted, issued an order directing the sheriff "FORTHWITH to arrest OREN

CLIFTON GAULDIN, the defendant herein, and to hold him to bail in the sum of FIVE THOUSAND DOLLARS." In accordance with this order, Oren Clifton Gauldin, the defendant, was arrested October 24, 1961, but was released from custody upon the execution of a bond in words and figures as follows:

"KNOW ALL MEN BY THESE PRESENTS: That whereas the above named defendant, Oren Clifton Gauldin, has been arrested in this action;

"NOW, THEREFORE, we, R. L. Gauldin and wife, Minnie L. Gauldin, of Guilford County, as sureties, and Oren Clifton Gauldin, as principal, undertake in the sum of Five Thousand ($5,000) Dollars that if the defendant is discharged from arrest he shall at all times render himself amenable to the process of the court during the pendency of this action and to such as may be issued to enforce judgment therein, and acknowledge ourselves bound to the plaintiff to pay such damages and costs as may be assessed and determined, or either, in the trial of this cause, against the defendant herein.

|                     |        |
| ------------------- | ------ |
| O. C. GAULDIN       | (Seal) |
| R. L. GAULDIN       | (Seal) |
| MINNIE L. GAULDIN   | (Seal)" |

On December 6, 1961, on account of defendant's failure to answer, demur or otherwise plead, the clerk entered judgment by default and inquiry in which it was "ORDERED, ADJUDGED AND DECREED that the plaintiff have and recover judgment against the defendant for such damages as a jury may award, and that inquiry of the amount of such damages be executed at the next civil term of the Superior Court of Guilford County, before a jury to determine the amount of said damages."

Nothing occurred after the entry of said judgment by default and inquiry until the events set forth below.

On October 19, 1962, R. L. Gauldin and Minnie L. Gauldin filed a petition based on G.S. 1-433 for an order exonerating them from liability as sureties on said bond. They asserted Oren Clifton Gauldin had been convicted at the March 2, 1962, Criminal Term of Guilford Superior Court, Greensboro Division, of charges involving an assault with a deadly weapon; that judgment, imposing a sentence of two years, was pronounced; and that defendant was then serving said sentence and in the custody of the State of North Carolina. A copy of said petition was delivered to counsel for plaintiff on October 19, 1962, together with a copy of a notice that said petitioners (R. L. Gauldin and Minnie L. Gauldin) would, upon the opening of court

on the 5th day of November, 1962, apply to the judge presiding at the November 5, 1962, Civil Term at Greensboro, North Carolina, for an order exonerating them from liability as sureties on said bond.

At October 22, 1962, Term of Guilford Superior Court, Greensboro Division, this issue was submitted to and answered by the jury: "What amount of damages, if any, is plaintiff entitled to recover of the defendant? Answer: $3,000.00." Thereupon, Judge Phillips, presiding at said term, entered judgment on October 26, 1962, which, in pertinent part, provides:

"NOW, THEREFORE, it is ORDERED, ADJUDGED and DECREED that the plaintiff have and recover of the defendant the sum of $3,000.00 with interest thereon from the 22nd day of October 1962.

"And it FURTHER APPEARING that the defendant was arrested under arrest and bail proceeding as will appear of record and that defendant gave bond in the sum of $5,000.00, which was signed by his sureties, R. L. Gauldin and wife, Minnie Gauldin, and it is FURTHER ORDERED, ADJUDGED and DECREED that plaintiff have and recover of the defendant the sum of $3,000.00, and that this judgment is also entered against defendant together with his sureties on said bond in the sum of $3,000.00, and that the costs of this action be taxed against defendant and the sureties on his bond."

On November 5, 1962, R. L. Gauldin and Minnie L. Gauldin served on plaintiff a notice of their appeal from said judgment of Judge Phillips.

At the November 5, 1962, Civil Term of Guilford Superior Court, Greensboro Division, to wit, on November 7, 1962, Judge Riddle, presiding at said term, ordered that *the hearing* on said petition of R. L. Gauldin and Minnie L. Gauldin *be continued* "until after the final decision in the said appeal of said bondsmen from the final judgment of Judge Phillips, on October 22, 1962, is handed down by the Supreme Court of North Carolina." R. L. Gauldin and Minnie L. Gauldin excepted to this order and gave notice of appeal therefrom.

*Hines, Dettor & Strange for plaintiff appellee.*

*Shreve & Merritt for R. L. Gauldin and Minnie L. Gauldin, appellants.*

BOBBITT, J.   The record indicates neither appellants nor their counsel had notice of the proceedings before Judge Phillips at October 22, 1962, Term. Too, the record indicates Judge Phillips was not then advertent to the fact that appellants had filed and served on October 19,

1962, their petition for an order exonerating them from liability as sureties on the $5,000.00 bond and a notice of a hearing to be held thereon at November 5, 1962, Term.

The brief of plaintiff-appellee states this is the sole question involved: "Did the liability of the sureties become final upon the signing of the judgment in this cause (a) *without notice served upon them* and (b) without exhausting any remedies against their principal?" (Our italics)

The bail required to obtain the discharge of Oren Clifton Gauldin, the defendant, from arrest, was a written undertaking, payable to the plaintiff, in the amount fixed in the order of arrest, "to the effect that the defendant shall at all times render himself amenable to the process of the court, during the pendency of the action, and to such as may be issued to enforce the judgment therein." G.S. 1-420; G.S. 1-419. Indeed, as indicated in our preliminary statement, plaintiff prayed that defendant be required to give bond in the amount of $5,000.00 containing these statutory provisions.

Nothing in the record shows a breach of a bond drafted in accordance with G.S. 1-420. Indeed, it has not been established herein that Oren Clifton Gauldin, the defendant, *wilfully* and *maliciously* assaulted plaintiff. "In order that such an execution (against the person) may be issued, after the plaintiff has exhausted his remedy against the property of the defendant, a distinct and separate issue as to the essential fact upon which the right to the execution is based must be submitted to the jury so as to have an affirmative finding as to the existence of the fact." Walker, J., in *McKinney v. Patterson,* 174 N.C. 483, 486, 93 S.E. 967.

"In case of failure to comply with the undertaking the bail may be proceeded against by motion in the cause on ten days' notice to them." G.S. 1-436.

The $5,000.00 bond executed by appellants as sureties contains the provisions required by G.S. 1-420 and in addition the following: "and acknowledge ourselves bound to the plaintiff to pay such damages and costs as may be assessed and determined, or either, in the trial of this cause, against the defendant herein." Plaintiff asserts that under this additional provision appellants are liable unconditionally for the payment of plaintiff's judgment against Oren Clifton Gauldin, the defendant, without reference to whether the defendant is amenable to the process of the court. Appellants contend this additional provision is without consideration and void. Upon the present record, we express no opinion as to the legal significance of this additional provision. Suffice to say, this additional provision did not deprive appellants of

their right under G.S. 1-436 to ten days' notice of any motion for judgment against them for any alleged failure to comply with the terms of the $5,000.00 bond.

On account of plaintiff's failure to give notice as required by G.S. 1-436, the judgment entered by Judge Phillips at said October 22, 1962, Term, *as to appellants,* is vacated, and the cause is remanded for further proceedings. This vacates the $6,000.00 stay bond dated November 14, 1962, executed by appellants and by A. B. Fulp and Lorene G. Fulp.

Plaintiff, if so advised, may move for judgment against appellants and give ten days' notice of his motion. In such event, appellants, by answer to such motion, may assert the defenses on which they rely, including the matters set forth in their petition of October 19, 1962.

The purported appeal from Judge Riddle's order of November 7, 1962, is dismissed. Judge Riddle made no ruling on appellants' petition of October 19, 1962, but simply continued the hearing thereon until this Court had acted on appellants' appeal from the judgment entered by Judge Phillips at said October 22, 1962, Term.

Re: Appeal from Phillips, J., error and remanded.

Re: Appeal from Riddle, S. J., appeal dismissed.