PATRICIA MORSE (EMPLOYEE) v. MRS. KATHRYN F. CURTIS (EMPLOYER) AND INSURANCE COMPANY OF NORTH AMERICA (CARRIER)

No. 6929IC471

(Filed 19 November 1969)

**Appeal and Error § 6;    Master and Servant § 96—    order continuing compensation proceeding — premature appeal**

Appeal from an order of the Industrial Commission continuing a Workmen's Compensation proceeding and removing it from the hearing docket

pending determination of a common-law action for personal injuries brought by plaintiff against her employer in the superior court is dismissed by the Court of Appeals *ex mero motu* as being premature.

APPEAL by defendants from full Industrial Commission order of 27 March 1969.

An examination of the record discloses that the claimant, Patricia Morse, a 20-year-old girl, was injured on 15 August 1964 on the premises of the defendant, Kathryn F. Curtis, at Camp Illahee in Transylvania County, North Carolina. A common law action to recover damages for personal injuries arising out of the incident was instituted by the claimant against the defendant Curtis in the Superior Court of Henderson County on 26 July 1966. A claim for compensation under the North Carolina Workmen's Compensation Act was filed with the Industrial Commission by the claimant's attorney by letter dated 3 August 1966.

After the claim for compensation was filed, the matter was first set for hearing at Brevard, North Carolina, on 16 November 1967 before Commissioner William F. Marshall, at which time the matter was not heard but was continued. Thereafter, the matter was set for hearing and continued two times until it was finally set for hearing on 21 November 1968 at Brevard before Deputy Commissioner C. A. Dandelake when and where the claimant's attorney moved that the hearing be continued until the common law action pending in the Superior Court could be heard. The defendants moved that the matter pending before the Industrial Commission either be heard or dismissed. The Deputy Commissioner entered the following order dated 6 December 1968:

"Upon the call of this case for hearing, no testimony was taken but counsel for plaintiff and defendants' counsel ably argued their contentions in this matter. Mr. DuMont presented a letter to the undersigned from the plaintiff's doctor in New York which stated that the plaintiff was under medical treatment and, therefore, unable to attend the hearing. A motion was then made by Mr. DuMont that this case be continued until this action is heard in Superior Court. He stated it would be heard at the next Term of Superior Court of Henderson County.

"Mr. Roberts, defendants' counsel, made a motion that this case pending before the Industrial Commission either be heard now or dismissed.

"The undersigned being of the opinion that the matter could not fairly and impartially be heard in the absence of the plain-

tiff, and after having carefully reviewed this case, the motion made by the plaintiff's counsel is allowed. Motion made by defendants' counsel is denied.

"NOW, THEREFORE, IT IS ORDERED that this case be and the same is hereby CONTINUED and REMOVED from the hearing docket until disposition is made of the Superior Court Action."

From the foregoing order, the defendants appealed to the full Industrial Commission. The defendants' appeal was heard on 25 March 1969, and on 26 March 1969 the full Commission entered an order affirming the order of the Deputy Commissioner dated 6 December 1968. From the order of the Full Commission, the defendants appealed to the North Carolina Court of Appeals.

*Landon Roberts for the defendant appellant.*

*Uzzell and DuMont by Harry DuMont and Francis M. Coiner for the plaintiff appellee.*

HEDRICK, J.

In this case the defendants have undertaken to appeal from an order of the Industrial Commission continuing the case and removing the same from the hearing docket pending the determination of the common law action in the Superior Court of Henderson County. This is a premature appeal and presents no question for review to this Court. G.S. 97-86. "Appeal does not lie unless it deprives the appellant of some substantial right which might be lost if the order is not reviewed before final judgment." *Tucker v. Highway Commission,* 247 N.C. 171, 100 S.E. 2d 514 (1957). ". . . there is such a thing in compensation procedure as completely unreviewable matters, just as there is in ordinary judicial procedure, as in the case of interlocutory decisions that are unreviewable for lack of finality or incidental decisions that involve details committed to the absolute discretion of the lower tribunal." Larson, Workmen's Compensation Law, Vol. 2, Sec. 80.10.

For the reasons stated herein, the appeal is dismissed *ex mero motu.*

MALLARD, C.J., and MORRIS, J., concur.