ROBERT F. WATERS v. QUALIFIED PERSONNEL, INC.

Nos. 40 and 73

(Filed 24 January 1978)

**1. Appeal and Error § 5.1— no right of appeal—dismissal of appeal ex mero motu**

If an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves.

**2. Appeal and Error § 6.2— appeal from interlocutory orders**

No appeal lies to an appellate court from an interlocutory order or ruling of the trial judge unless such ruling or order deprives the appellant of a substantial right which he would lose if the order or ruling is not reviewed before final judgment. G.S. 1-277; G.S. 7A-27.

**3. Appeal and Error § 6.2— *setting aside summary judgment on procedural ground* — order not immediately appealable**

> An order setting aside without prejudice a summary judgment on the ground of procedural irregularity — failure to comply with the notice requirement of G.S. 1A-1, Rule 56(c) — is an interlocutory order which is not immediately appealable.

CASE No. 40 is before us on plaintiff's petition for discretionary review filed pursuant to General Statute 7A-31. Case No. 73 comes by way of writ of certiorari, which we issued pursuant to plaintiff's petition. In No. 40 plaintiff seeks review of a decision of the Court of Appeals, 32 N.C. App. 548, 233 S.E. 2d 76 (1977), which, on defendant's appeal, reversed an order entered by *Judge James M. Long* on 24 May 1976 in GUILFORD Superior Court setting aside a summary judgment for defendant entered in the same court by *Judge John D. McConnell* on 8 March 1976. In No. 73 plaintiff asks us to review the Court of Appeals' denial of plaintiff's petition for writ of certiorari by which (his time for appeal having expired) he sought review in that Court of the summary judgment entered by Judge McConnell. We consolidated both cases for argument and decision.

*Smith, Patterson, Follin, Curtis & James by J. David James, Attorneys for plaintiff appellant.*

*Jordan, Wright, Nichols, Caffrey & Hill by William L. Stocks and R. Thompson Wright, Attorneys for defendant appellee.*

EXUM, Justice.

[1] The threshold question in Case No. 40, although not argued by either party, is whether an appeal lies from Judge Long's order. If an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal[1] even though the question of appealability has not been raised by the parties themselves. *Dickey v. Herbin*, 250 N.C. 321, 108 S.E. 2d 632 (1959); *Rogers v. Brantley*, 244 N.C. 744, 94 S.E. 2d 896 (1956); *Morse v. Curtis*, 6 N.C. App. 620, 170 S.E. 2d 491 (1969). Concluding that Judge Long's order is not appealable, we hold that the Court of

---

1. Unless, in the case of this Court, we elect to consider the matter in the exercise of our general supervisory powers granted by N.C. Const., Art. IV, § 12(1) and G.S. 7A-32(b). *See Consumers Power v. Power Co.*, 285 N.C. 434, 206 S.E. 2d 178 (1974).

Waters v. Personnel, Inc.

Appeals erred by entertaining and not dismissing on its own motion the purported appeal from the order.[2] Concluding further that we improvidently issued our writ of certiorari in Case No. 73, we set aside the writ and deny plaintiff's petition therefor.

The facts are these: On 12 March 1975 plaintiff filed in Guilford Superior Court a complaint, signed by Attorney Lawrence Egerton, Jr., in which he claimed a balance due him of $23,160 with interest on a promissory note executed by defendant. He also claimed defendant corporation was insolvent or in danger of becoming insolvent so that the interests of general creditors would be served by the appointment of a receiver. A purported copy of the note, signed by J. Leon Turner individually and for defendant Qualified Personnel, Inc., was attached to the complaint as Exhibit "A". Plaintiff sought recovery of the amount due on the note and an order directing defendant to show cause why a receiver should not be appointed. Defendant answered denying these allegations and averring by way of defense that the alleged note was neither a corporate obligation nor supported by consideration.

On 5 June 1975 plaintiff moved in a writing signed by Mr. Egerton for summary judgment pursuant to Rule 56. On 10 June 1975 Judge Robert A. Collier, Jr., ordered, over plaintiff's objection, that plaintiff's deposition be taken before the court heard plaintiff's motion for summary judgment. Plaintiff appeared for his deposition on 26 June represented by attorney Kent Lively, who was not a member of Mr. Egerton's firm. Mr. Lively instructed plaintiff not to answer certain questions, and on 6 August 1975 defendant moved for the imposition of Rule 37 sanctions. Some time thereafter plaintiff requested that this motion for sanctions be set for hearing at the 8 March 1976 Session of Guilford Superior Court. For several months no further action was taken by either party.

On 24 February 1976 defendant moved for summary judgment. Defendant's counsel served this motion on plaintiff by mailing a copy to Mr. Egerton on 25 February 1976. On 3 March 1976 defendant filed in support of the motion an affidavit of Lacy M. Henry to the effect that the by-laws of Qualified Personnel, Inc.,

---

2. It is clear the Court of Appeals purported to entertain this case only as an appeal of right and not pursuant to the issuance of any prerogative writ permitted by G.S. 7A-32(c).

required a resolution of the board of directors for the issuance of any evidence of indebtedness and that the note sued on by plaintiff had not been authorized by such resolution. A copy of defendant corporation's by-laws was attached to this affidavit as Exhibit "A". Copies of the affidavit and exhibit were served by mailing them to Mr. Egerton on 3 March 1976.

As originally requested by plaintiff following defendant's motion for Rule 37 sanctions, a hearing had been calendared for the 8 March 1976 Session of Guilford Superior Court. At Judge Mc-Connell's calendar call on 8 March Mr. Lively answered for plaintiff and Mr. William L. Stocks for defendant. Judge McConnell announced that "the case" would be heard later that morning. At 11:43 a.m. on 8 March Mr. Lively filed with the court a reply to defendant's motion for summary judgment, which was signed by Mr. Egerton as "Attorney for Plaintiff." A reply to defendant's Rule 37 motion, signed by Mr. Egerton, was also filed at some time on 8 March.

Although defendant had filed no notice of hearing on its motion for summary judgment, Judge McConnell proceeded to hear this motion at approximately 11:45 a.m. on 8 March. Mr. Lively argued the motion for plaintiff and Mr. Stocks for defendant. Mr. Lively raised no question and made no objection concerning whether plaintiff had received adequate notice of hearing on defendant's summary judgment motion. At the conclusion of the hearing Judge McConnell granted defendant's motion. Summary judgment for defendant was signed and entered at 4:00 p.m. on 8 March.

On 11 March 1976 plaintiff moved to set aside the judgment on the grounds (1) that he was not served with defendant's summary judgment motion at least ten days before the time fixed for hearing as required by Rule 56(c) and (2) that the hearing on 8 March had been calendared for the purpose of considering defendant's motion for Rule 37 sanctions and not its motion for summary judgment. Plaintiff's motion was signed by Robert S. Hodgman of the firm of Egerton & Hodgman.

Plaintiff's motion to set aside the judgment came on for hearing on 11 March 1976 before Judge McConnell with attorneys James B. Rivenbark and Mr. Lively appearing for plaintiff. At this hearing a question, quite a natural one in view of the pro-

ceedings just related, arose as to who was in fact plaintiff's attorney of record. Mr. Egerton was not present at this hearing and could not be reached. Following the hearing Judge McConnell found facts and entered the following order on 12 March 1976:

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED as follows:

"(1) This case shall be calendared as the first case on the motion portion of the calendar for the March 29, 1976 Civil Session of Superior Court of Guilford County.

"(2) In the event that James B. Rivenbark, Kent Lively and Lawrence Egerton all appear in Court on March 29, 1976 at 10:00 A.M. such hearing as may be appropriate to resolve the question of who is counsel of record for the plaintiff shall be held and such further hearing as may be appropriate may be held on the plaintiff's motion to set aside the judgment.

"(3) Upon the failure of James B. Rivenbark, Kent Lively or Lawrence Egerton to appear before the Court at 10:00 A.M. on March 29, 1976, the plaintiff's motion to set aside the judgment which was entered on March 8, 1976, shall be denied pursuant to this order and without the necessity of further hearing."

The matter was continued by consent until the 17 May 1976 Session when it came on for hearing before Judge Long. Although he heard no evidence, Judge Long made findings of fact substantially as stated above and entered the following order on 24 May 1976:

"THAT UPON THE FOREGOING FINDINGS OF FACT, THE COURT CONCLUDES AS A MATTER OF LAW:

"1. That the undersigned by the order of Judge John D. McConnell dated March 11, 1976, has jurisdiction to hear this matter.

"2. That through and including March 8, 1976, the attorney of record for the plaintiff was Lawrence Egerton, Jr.

"3. That the defendant's Motion for Summary Judgment filed and mailed on February 25, 1976 to the attorney of record for the plaintiff, Lawrence Egerton, Jr., by the defendant's attorney, and the affidavit of Lacy M. Henry in

support thereof filed on March 3, 1976 and mailed to the attorney of record for the plaintiff, Lawrence Egerton, Jr., on March 3, 1976, could not have been heard until March 16, 1976 under the provisions of Rule 6 and 56 of the North Carolina Rules of Civil Procedure.

"4. That the plaintiff's attorney of record, Lawrence Egerton, Jr., was not present in Court on March 8, 1976; therefore, there could have been no waiver of notice of hearing of the defendant's Motion for Summary Judgment.

"5. That the Court should not have heard the defendant's Motion for Summary Judgment on March 8, 1976, and the Judgment granting the defendant's Motion for Summary Judgment should be set aside without prejudice to the parties.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED, that the Judgment of the Court by the Honorable John D. McConnell dated March 8, 1976 granting the defendant's Motion for Summary Judgment is set aside and void ab initio without prejudice to the parties to have said matter heard as by law provided, and the Court, pursuant to the responsibility of the Court to see that justice is done, in its discretion, also sets aside the Order of the Honorable John D. McConnell dated March 8, 1976."

From this order defendant attempted to appeal to the Court of Appeals. That court, treating the matter as having been appealed to it as a matter of right, proceeded to consider defendant's attacks on Judge Long's order. In this we think the court erred. We also think there was error in the Court of Appeals' characterization of Judge Long's order as one which, in effect, overruled a decision made by Judge McConnell.

Defendant offered in the Court of Appeals several arguments attacking Judge Long's order of 24 May 1976. Primarily it contended that the order purported to correct errors of law in Judge McConnell's prior rulings and thus violated the rule that one superior court judge cannot modify or vacate for legal error an order or judgment entered by another superior court judge. Defendant also argued that the grounds stated by Judge Long are not sufficient to set aside judgment under Rule 59(e) or Rule 60(b) of the Rules of Civil Procedure. Finally, defendant contended that

the appearance and argument of Attorney Kent Lively at the hearing on defendant's summary judgment motion constituted a waiver of the Rule 56(c) requirement that such a motion must be served at least ten days before hearing, and that Judge Long erred in concluding that there was no waiver because counsel of record was not present at the hearing.

In reversing Judge Long's order of 24 May 1976, the Court of Appeals reasoned that Judge Long had erroneously applied the provisions of Rule 60(b) as grounds for setting aside the summary judgment. The opinion also alludes to the established rule that one superior court judge cannot correct another judge's legal error and states that "plaintiff's only remedy from Judge McConnell's entry of summary judgment was by appeal." The Court of Appeals expressed no view on the waiver question or on the merits of the summary judgment order.

We believe that defendant's arguments and the opinion of the Court of Appeals reflect a misunderstanding of Judge Long's order. Judge Long did not rule on any question of law previously determined by Judge McConnell. In his order of 12 March 1976 Judge McConnell made no affirmative ruling on plaintiff's motion to set aside the judgment. He merely continued the hearing until all attorneys could be present to resolve the counsel of record question. Judge Long's order of 24 May 1976 was the first and only ruling at the trial level on plaintiff's previously undetermined motion. Judge Long did not purport to consider whether defendant was entitled to summary judgment as a matter of law. He merely noted the failure to comply with the notice requirement of Rule 56(c),[3] found that plaintiff had not waived the requirement, and set aside Judge McConnell's summary judgment order, *without prejudice to the parties, to rehear and redetermine defendant's motion for summary judgment at the trial level.* While Judge Long's order includes certain findings and conclusions as to procedural irregularity, Judge Long did not improperly assume the role of an appellate court vis-a-vis Judge McConnell.

Defendant urges this Court to consider several questions going to the legal correctness of Judge Long's order. These questions include whether the failure to comply with Rule 56(c)

---

3. Noncompliance with Rule 56(c) was conceded by defendant on oral argument before us.

Waters v. Personnel, Inc.

warrants setting aside a summary judgment on the grounds provided in Rule 59(e) or Rule 60(b); whether the appearance and argument by Attorney Lively constitute waiver of the Rule 56(c) notice requirement as a matter of law; and whether continuance of the hearing on the motion to set aside the summary judgment, so that the motion eventually came before a second superior court judge, precludes the determination of the motion and leaves the opposing party without relief in the trial court. The Court of Appeals directed its opinion toward whether Judge Long committed legal error. For reasons hereinafter stated we believe these questions are presented prematurely and that the Court of Appeals should have dismissed this purported appeal.

[2] General Statutes 1-277[4] and 7A-27[5] in effect provide "that no appeal lies to an appellate court from an interlocutory order or ruling of the trial judge unless such ruling or order deprives the appellant of a substantial right which he would lose if the ruling or order is not reviewed before final judgment." *Consumers Power v. Power Co.*, 285 N.C. 434, 437, 206 S.E. 2d 178, 181 (1974); *accord, Funderburk v. Justice*, 25 N.C. App. 655, 214 S.E. 2d 310 (1975). An order is interlocutory "if it does not determine the issues but directs some further proceeding preliminary to final decree." *Greene v. Laboratories, Inc.*, 254 N.C. 680, 693, 120 S.E. 2d 82, 91 (1961). The reason for these rules is to prevent fragmentary, premature and unnecessary appeals by permitting the trial divisions to have done with a case fully and finally before it is presented to the appellate division. "Appellate procedure is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for

---

4. "§ 1-277. *Appeal from superior or district court judge.* — (a) An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial."

5. "§ 7A-27. *Appeals of right from the courts of the trial divisions.*

. . . .

(d) From any interlocutory order or judgment of a superior court or district court in a civil action or proceeding which

   (1) Affects a substantial right, or

   (2) In effect determines the action and prevents a judgment from which appeal might be taken, or

   (3) Discontinues the action, or

   (4) Grants or refuses a new trial, appeal lies of right directly to the Court of Appeals.

(e) From any other order or judgment of the superior court from which an appeal is authorized by statute, appeal lies of right directly to the Court of Appeals."

determination in a single appeal from the final judgment." *Raleigh v. Edwards*, 234 N.C. 528, 529, 67 S.E. 2d 669, 671 (1951).

Clearly Judge Long's order was interlocutory. It contemplated further proceedings on the summary judgment question at the trial level. Neither, we are satisfied, did the order deprive defendant of any substantial right which might be lost by a refusal to review this order before some final judgment at trial was entered.

[3] Admittedly the "substantial right" test for appealability of interlocutory orders is more easily stated than applied. It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered. While our research has disclosed no North Carolina decision on the appealability of an order setting aside without prejudice a summary judgment on the grounds of procedural irregularity, both reason and analagous cases persuade us that such an order is not immediately appealable.

Defendant's rights here are fully and adequately protected by an exception to the order which may then be assigned as error on appeal should final judgment in the case ultimately go against it. All defendant suffers by its inability to appeal Judge Long's order is the necessity of rehearing its motion. The avoidance of such a rehearing is not a "substantial right" entitling defendant to an immediate appeal. Neither, for that matter, is the avoidance of trial which defendant might have to undergo should its motion and plaintiff's motion for summary judgment (which is still pending) both be denied.

Practically all courts which have considered the question, including our Court of Appeals, have held that the *denial* of a motion for summary judgment is not appealable. *Motyka v. Nappier*, 9 N.C. App. 579, 176 S.E. 2d 858 (1970); *see also Stonestreet v. Motors, Inc.*, 18 N.C. App. 527, 197 S.E. 2d 579 (1973); Annot., 15 A.L.R. 3d 899 (1967). In *GMC Trucks v. Smith*, 249 N.C. 764, 107 S.E. 2d 746 (1959) this Court held that an order setting aside a judgment of nonsuit was equivalent to the denial of a motion for nonsuit and not appealable. Other representative cases holding interlocutory orders not appealable are: *Consumers Power v. Power Co., supra*, 285 N.C. 434, 206 S.E. 2d 178 (1974) (denial of defend-

ant's motion to dismiss for lack of a justiciable controversy); *Barrier v. Randolph*, 260 N.C. 741, 133 S.E. 2d 655 (1963) (denial of motion for judgment on the pleadings); *Atkins v. Doub*, 260 N.C. 678, 133 S.E. 2d 456 (1963) (order setting aside verdict and denying motion for nonsuit); *Fryar v. Gauldin*, 259 N.C. 391, 130 S.E. 2d 689 (1963) (order of continuance); *Cox v. Cox*, 246 N.C. 528, 98 S.E. 2d 879 (1957) (order reversing clerk's entry of voluntary nonsuit); *Johnson v. Insurance Co.*, 215 N.C. 120, 1 S.E. 2d 381 (1939) (denial of defendant's motion to dismiss on ground action was barred by statute of limitations); *Acoustical Co. v. Cisne and Associates*, 25 N.C. App. 114, 212 S.E. 2d 402 (1975) (order setting aside an entry of default); *see also* 2 McIntosh, North Carolina Practice and Procedure § 1782, n. 44 (1970 Pocket Part); *but see Newton v. Insurance Co.*, 291 N.C. 105, 229 S.E. 2d 297 (1976) and *Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976) in which we held an order dismissing a claim for punitive damages prior to trial was immediately appealable.

The order setting aside summary judgment for defendant is tantamount to an order denying, for the time being at least, defendant's motion for such a judgment. *See GMC Trucks v. Smith, supra.* Leaving aside the obvious point that defendant may ultimately prevail at the rehearing of its summary judgment motion or at trial, there is good reason for withholding an appeal from a denial of summary relief at trial. It is that the trial court and the parties will be given an opportunity to develop more fully the facts in this dispute and to put the merits of the claim in bolder relief than they now are. Even if defendant should ultimately lose at trial, an appeal at that point would give the reviewing court a more complete picture, factually and legally, of the entire controversy between the parties. While we express no opinion on the merits, a fuller development of the facts in this case, whether on the respective motions for summary judgment now pending or at trial and regardless of which side prevails, may well render moot or at least shed more light than we now have in this record on the technical niceties involved in Judge Long's interlocutory order.

We recognize that we could, in the exercise of our supervisory powers, elect to consider the appeal in Case No. 40 on its merits. *Consumers Power v. Power Co., supra.* We decline to do

so, however, just as we declined under similar circumstances in *GMC Trucks v. Smith, supra.*

The Court of Appeals therefore erred in Case No. 40 by not dismissing the appeal sua sponte. In Case No. 73 we improvidently issued our writ of certiorari. Plaintiff's petition therefore should have been denied. The decision of the Court of Appeals is, therefore, reversed and Case No. 40 is remanded to it with instructions that it enter an order dismissing the appeal.

In Case No. 40 — Reversed and remanded.

In Case No. 73 — Petition for certiorari denied.