LAURA LEIGH BOONE (STOTT) BROMHAL v. E. GREGORY STOTT

No. 9010DC572

(Filed 15 January 1991)

**Appeal and Error § 105 (NCI4th)— domestic action—orders—
interlocutory—appeal dismissed**

An appeal was dismissed as interlocutory where defend-
ant attempted to appeal from orders awarding plaintiff at-
torney's fees on her motion to compel answers to interrogatories
and requests for admission, denying defendant's request for
attorney's fees on his motion to compel answers to inter-
rogatories and requests for admission, and ruling by partial
summary judgment that the parties' separation agreement was
valid but leaving the damages issue for later determination.

**Am Jur 2d, Appeal and Error §§ 47, 50, 53, 135.**

APPEAL by defendant from orders entered 4, 12, 17 January
1990 and 6 March 1990 by *Judge Jerry W. Leonard* in WAKE
County District Court. Heard in the Court of Appeals 5 December
1990.

*Brady, Schilawski, Earls and Ingram, by Michael F. Schilawski,
for plaintiff appellee.*

*Jack P. Gulley for defendant appellant.*

PHILLIPS, Judge.

The parties were formerly wife and husband. Plaintiff's action
seeks the specific enforcement of their separation agreement. De-
fendant's appeal is from orders that—

(a) awarded plaintiff attorney's fees on her motion to com-
pel answers to her interrogatories and requests for admission;

**BROMHAL v. STOTT**

[101 N.C. App. 428 (1991)]

(b) denied defendant's requests for attorney's fees on his motions to compel answers to his interrogatories and requests for admission;

(c) ruled by partial summary judgment that the parties' separation agreement is valid but left the damages issue for determination later.

The appeal is unauthorized and we dismiss it. All the orders are interlocutory; none will deprive defendant of a substantial right that would be lost if the orders are not reviewed before final judgment. G.S. 1-277; G.S. 7A-27; *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 240 S.E.2d 338 (1978).

Appeal dismissed.

Judges ORR and GREENE concur.