IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-612

No. COA20-696

Filed 16 November 2021

Forsyth County, No. 20 CVS 951

JOSEPH CRYAN, SAMUEL CRYAN, KERRY HELTON, THOMAS HOLE, RICKEY HUFFMAN, JOSEPH PEREZ, JOSHUA SIZEMORE, DUSTIN SPRINKLE, and MICHAEL TAYLOR, Plaintiffs,
v.

NATIONAL COUNCIL OF YOUNG MEN'S CHRISTIAN ASSOCIATIONS OF THE UNITED STATES OF AMERICA; YOUNG MEN'S CHRISTIAN ASSOCIATION OF NORTHWEST NORTH CAROLINA d/b/a KERNERSVILLE FAMILY YMCA and MICHAEL TODD PEGRAM, Respondent.

Appeal by respondent from order entered 22 July 2020 by the Honorable Richard S. Gottlieb in Forsyth County Superior Court. Heard in the Court of Appeals 26 May 2021.

*Lanier Law Group, P.A., by Donald S. Higley, II, for Petitioner-Appellee.*

*Nelson Mullins Riley & Scarborough LLP, by Lorin J. Lapidus, for Respondent-Appellant.*

GORE, Judge.

¶ 1     The claims in the present matter arise from acts of sexual abuse by Defendant Pegram, while he was employed by the YMCA, on Plaintiffs, who were minors at the

1

CRYAN V. NAT'L COUNCIL OF YOUNG MEN'S CHRISTIAN ASS'N OF THE U.S.

2021-NCCOA-612

*Opinion of the Court*

time of the abuse. The last act of sexual abuse by Pegram occurred approximately twenty years ago.

¶ 2    Based on Plaintiffs' allegations, all claims became time-barred in 2015 under the then-applicable statute of limitations. The youngest Plaintiff turned 18 years of age in 2005. The longest limitations period for any of the claims was ten years. Accordingly, all claims in this action became time-barred by 2015.

¶ 3    Four years later, though, in 2019, our General Assembly enacted Section 1-17(e), which allows a person who was a victim of sexual abuse when (s)he was a minor to bring an action for claims "related to [the] sexual abuse" "within two years of the date of a criminal conviction" of the perpetrator of the sexual abuse. N.C. Gen. Stat. § 1-17(e) (2020). Here, the Complaint alleges that the perpetrator, Defendant Pegram, was convicted of various sex offenses. Defendant challenges the constitutionality of Section 1-17(e) which was enacted in 2019. And Plaintiffs commenced their previous time-barred claims in 2020, within two years of Pegram's conviction pursuant to Section 1-17(e).

## I.  Factual & Procedural Background

¶ 4    This is a case in which multiple victims allege they were sexually assaulted by Michael Todd Pegram ("Pegram") while he worked as an employee of Defendant-Appellant Young Men's Christian Association of Northwest North Carolina d/b/a Kernersville Family YMCA ("YMCA" or "Defendant"). In 2019, Pegram was convicted

CRYAN V. NAT'L COUNCIL OF YOUNG MEN'S CHRISTIAN ASS'N OF THE U.S.

2021-NCCOA-612

*Opinion of the Court*

for those crimes. On 14 February 2020, Plaintiffs-Appellees Joseph Cryan, Samuel Cryan, Kerry Helton, Thomas Hole, Rickey Huffman, Joseph Perez, and Michael Taylor (collectively, "Plaintiffs") filed a complaint seeking compensatory and punitive damages from Defendant for assault, battery, negligent hiring retention and supervision of Pegram, negligent infliction of emotional distress, and intentional infliction of emotional distress.

¶ 5 On 1 June 2020, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure on the basis that Plaintiffs' claims are time barred because the North Carolina General Assembly's amendments to N.C. Gen. Stat. § 1-17(e) (2019) and N.C. Gen. Stat. § 1-52(5), (16) and (19) (2019) (collectively "2019 amendments") were in violation of the North Carolina Constitution. *See* SAFE Child Act, N.C. Session Law 2019-245, S.B. 199 (2019). N.C. Gen. Stat. § 1-17(e) states:

> (e) Notwithstanding the provisions of subsections (a), (b), (c), and (d) of this section, a plaintiff may file a civil action within two years of the date of a criminal conviction for a related felony sexual offense against a defendant for claims related to sexual abuse suffered while the plaintiff was under 18 years of age.

N.C. Gen. Stat. § 1-17(e).

¶ 6 On 18 June 2020, Plaintiffs filed a motion pursuant to N.C. R. Civ. P. 42(b)(4) and N.C. Gen. Stat. § 1-267.1(a1) to transfer Defendant's motion to dismiss to the

CRYAN V. NAT'L COUNCIL OF YOUNG MEN'S CHRISTIAN ASS'N OF THE U.S.

2021-NCCOA-612

*Opinion of the Court*

Wake County Superior Court for the appointment of a three-judge panel to determine the constitutionality of the amendments. N.C. Gen. Stat. § 1-267.1(a1) states:

> (a1) Except as otherwise provided in subsection (a) of this section, any facial challenge to the validity of an act of the General Assembly shall be transferred pursuant to G.S. 1A-1, Rule 42(b)(4), to the Superior Court of Wake County and shall be heard and determined by a three-judge panel of the Superior Court of Wake County, organized as provided by subsection (b2) of this section.

¶ 7     N.C. Gen. Stat. § 1-267.1(a1) (2019). N.C. R. Civ. P. 42(b)(4) further provides:

> (b) Separate trials
>
> . . .
>
> (4) Pursuant to G.S. 1-267.1, *any facial challenge to the validity of an act of the General Assembly*, other than a challenge to plans apportioning or redistricting State legislative or congressional districts, shall be heard by a three-judge panel in the Superior Court of Wake County *if a claimant raises such a challenge in the claimant's complaint or amended complaint in any court in this State, or if such a challenge is raised by the defendant in the defendant's answer, responsive pleading, or within 30 days of filing the defendant's answer or responsive pleading.* In that event, the court shall, on its own motion, transfer that portion of the action challenging the validity of the act of the General Assembly to the Superior Court of Wake County for resolution by a three-judge panel if, after all other matters in the action have been resolved, a determination as to the facial validity of an act of the General Assembly must be made in order to completely resolve any matters in the case. The court in which the action originated shall maintain jurisdiction over all matters other than the challenge to the act's facial validity. For a motion filed under Rule 11 or Rule 12(b)(1) through (7), the original court shall rule on the motion, however, it may decline to rule on a motion that is based solely upon

CRYAN V. NAT'L COUNCIL OF YOUNG MEN'S CHRISTIAN ASS'N OF THE U.S.

2021-NCCOA-612

*Opinion of the Court*

> Rule 12(b)(6). If the original court declines to rule on a Rule 12(b)(6) motion, the motion shall be decided by the three-judge panel. The original court shall stay all matters that are contingent upon the outcome of the challenge to the act's facial validity pending a ruling on that challenge and until all appeal rights are exhausted. Once the three-judge panel has ruled and all appeal rights have been exhausted, the matter shall be transferred or remanded to the three-judge panel or the trial court in which the action originated for resolution of any outstanding matters, as appropriate.

N.C. R. Civ. P. 42(b)(4) (2019) (emphasis added).

Defendant's motion to dismiss, as well as Plaintiffs' motion to transfer Defendant's motion to dismiss to the three-judge panel in Wake County came on for hearing and oral argument on 17 July 2020 in Forsyth County Superior Court before the Honorable Richard S. Gottlieb. Because Defendant's motion to dismiss was based solely upon Rule 12(b)(6), the trial court, declined to rule on the Rule 12(b)(6) motion, and granted Plaintiffs' motion to transfer Defendant's motion to dismiss to Wake County pursuant to N.C. R. Civ. P. 42(b)(4). The trial court entered an order transferring "the action" to the three-judge panel of the Wake County Superior Court on 21 July 2020, and issued an amended order entered 22 July 2020, correcting a typographical error.

On 17 August 2020, Defendant filed a notice of appeal. On 16 December 2020, Plaintiffs filed a motion to dismiss Defendant's appeal, contending Defendant's appeal is interlocutory and does not affect a substantial right. On 4 January 2021,

CRYAN V. NAT'L COUNCIL OF YOUNG MEN'S CHRISTIAN ASS'N OF THE U.S.

2021-NCCOA-612

*Opinion of the Court*

Plaintiffs' motion to dismiss Defendant's appeal was referred to this Panel. Also on 4 January 2021, Defendant petitioned this Court to issue a writ of certiorari pursuant to Rule 21 of the North Carolina Rules of Appellate Procedure.

## II. Jurisdiction

### A. Interlocutory Nature of Defendant's Appeal

¶ 10 Defendant argues the trial court's order granting Plaintiffs' motion to transfer Defendant's motion to dismiss ("trial court's order") changed the venue of the case. Defendant contends since the right to venue established by statute is a substantial right, Defendant's appeal of the trial court's order is jurisdictionally proper before this Court. Plaintiff contends Defendant's appeal is interlocutory and should be dismissed by this Court.

¶ 11 "An order is interlocutory 'if it does not determine the issues but directs some further proceeding preliminary to final decree.'" *Waters v. Qualified Pers., Inc.*, 294 N.C. 200, 207, 240 S.E.2d 338, 343 (1978) (quoting *Greene v. Laboratories, Inc.*, 254 N.C. 680, 693, 120 S.E. 2d 82, 91 (1961)). "As a general proposition, only final judgments, as opposed to interlocutory orders, may be appealed to the appellate courts." *Hamilton v. Mortg. Info. Servs., Inc.*, 212 N.C. App. 73, 77, 711 S.E.2d 185, 188 (2011) (citations omitted). "Appeals from interlocutory orders are only available in exceptional circumstances." *Hamilton*, 212 N.C. App. at 77, 711 S.E.2d at 188, (citation and internal quotations omitted). "The rule against interlocutory appeals

CRYAN V. NAT'L COUNCIL OF YOUNG MEN'S CHRISTIAN ASS'N OF THE U.S.

2021-NCCOA-612

*Opinion of the Court*

seeks to prevent fragmentary, premature and unnecessary appeals by allowing the trial court to bring a case to final judgment before its presentation to the appellate courts." *Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 141, 526 S.E.2d 666, 669 (2000) (citing *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E.2d 338 (1978)).

¶ 12    N.C. Gen. Stat. § 1-277(a) and N.C. Gen. Stat. § 7A-27(a)(3)a create an exception to the rule against interlocutory appeals for appeals challenging an interlocutory order affecting a "substantial right." A substantial right is one which will clearly be lost if the order is not reviewed before final judgment, such that the normal course of procedure is inadequate to protect the substantial right affected by the order sought to be appealed. *Blackwelder v. State Dep't of Human Res.*, 60 N.C. App. 331, 335, 299 S.E.2d 777, 780-81 (1983). The North Carolina Supreme Court defines a substantial right as follows: "A legal right affecting or involving a matter of substance as distinguished from matter of form: a right materially affecting those interests which a man is entitled to have preserved and protected by law: a material right." *Oestreicher v. Am. Nat'l Stores Inc.*, 290 N.C. 118, 130, 225 S.E.2d 797, 805 (1976) (adopting the definition found in Webster's Third New Int'l Dictionary (1971).

¶ 13    Defendant is correct in its contention that the right to venue established by statute is a substantial right. *See Gardner v. Gardner*, 300 N.C. 715, 719, 268 S.E.2d 468, 471 (1980) ("There can be no doubt that a right to venue established by statute is a substantial right . . . [and its] grant or denial is immediately appealable.")

CRYAN V. NAT'L COUNCIL OF YOUNG MEN'S CHRISTIAN ASS'N OF THE U.S.

2021-NCCOA-612

*Opinion of the Court*

However, the order did not grant, deny, change, or otherwise affect venue, and therefore did not affect a substantial right. *See La Falce v. Wolcott*, 76 N.C. App. 565, 569, 334 S.E.2d 236, 239 (1985). The order entered addressed and sought to resolve an issue of subject matter jurisdiction, not an issue of venue.

¶ 14 Subject matter jurisdiction and venue are two distinct legal principles. Subject matter jurisdiction has been defined as "[a] court's power to decide a case or issue a decree." *In re M.I.W.*, 365 N.C. 374, 377, 722 S.E.2d 469, 472 (2012) (quoting Black's Law Dictionary 654, 927 (9th ed. 2009)). Venue, on the other hand, concerns "the proper or a possible place for a lawsuit to proceed, usually because the place has some connection either with the events that gave rise to the lawsuit or with the plaintiff or defendant." *Stokes v. Stokes*, 371 N.C. 770, 772, 821 S.E.2d 161, 163 (2018) (cleaned up) (quoting Black's Law Dictionary (10th ed. 2014)).

¶ 15 Plaintiffs' motion to transfer Defendant's motion to dismiss was based on Plaintiffs' contention the three-judge panel in Wake County Superior Court had the statutory right, pursuant to N.C. R. Civ. P. 42(b)(4), to decide the constitutional issue raised by Defendant, not on a contention Wake County was a preferable location in comparison to Forsyth County. *See In re M.I.W.*, 365 N.C. at 377, 722 S.E.2d at 472; *see also Stokes*, 371 N.C. at 772, 821 S.E.2d at 163. The transcript reflects the word "venue" is used once by the trial court, specifically when acknowledging that only the constitutional issue would be transferred, and that venue for the action would remain

CRYAN V. NAT'L COUNCIL OF YOUNG MEN'S CHRISTIAN ASS'N OF THE U.S.

2021-NCCOA-612

*Opinion of the Court*

in Forsyth County. Though the trial court's order stated the "action" was being transferred to the three-judge panel in Wake County Superior Court, the order reflects the venue would remain in Forsyth County. *See Holdstock v. Duke Univ. Health Sys.*, 270 N.C. App. 267, 279, 841 S.E.2d 307, 316 (2020) (citation omitted) (holding when a trial court transfers a facial challenge to a three-judge panel pursuant to N.C. R. Civ. P. 42(b)(4), it "maintain[s] jurisdiction over all matters other than the challenge to the act's facial validity").

¶ 16 Based on the language of the trial court as reflected in the transcript and on the face of its order, as well as the definitions of both "venue" and "subject matter jurisdiction," we conclude that the trial court order transferring Defendant's motion to dismiss to a three-judge panel in Wake County Superior Court was entered in compliance with the subject matter jurisdiction conveyed upon the three-judge panel by the General Assembly. It does not give rise to establishing or depriving Defendant of a substantial right. The trial court retained venue of the case in Forsyth County. Therefore, the trial court's order is not immediately reviewable, and Defendant's appeal is interlocutory.

## B. Defendant's Petition for Writ of Certiorari

¶ 17 Under N.C.R. App. P. 21(a)(1), "a writ of certiorari will only be issued upon a showing of appropriate circumstances in a civil case where [*inter alia*] no right to appeal from an interlocutory order exists." *Stetser v. TAP Pharm. Prods. Inc.*, 165

CRYAN V. NAT'L COUNCIL OF YOUNG MEN'S CHRISTIAN ASS'N OF THE U.S.

2021-NCCOA-612

*Opinion of the Court*

N.C. App. 1, 12, 598 S.E.2d 570, 578-79 (2004).  Consequently, "[i]t is an appropriate exercise of this Court's discretion to issue a writ of certiorari in an interlocutory appeal where . . . there is merit to an appellant's substantive arguments and it is in the interests of justice to treat an appeal as a petition for writ of certiorari." *Zaliagiris v. Zaliagiris*, 164 N.C. App. 602, 606, 596 S.E.2d 285, 289 (2004).  This Court has determined that such interests exist when the impact of the lawsuit is "significant," the issues involved are "important," and the case presents a need for the writ in the interest of the "efficient administration of justice," or the granting of the writ would "promote judicial economy."  *See Stetser* 165 N.C. App. at 12, 598 S.E.2d at 578-79 (granting review of a class action certification based on the "need for efficient administration of justice," the "significance of the issues in dispute," the "significant impact" of the lawsuit, the effect of the order on "numerous individuals and corporations" and the "substantial amount of potential liability" involved); *see also Hill v. Stubhub, Inc.*, 219 N.C. App. 227, 232, 727 S.E.2d 550, 554 (2012) (granting review in order to "further the interests of justice").

¶ 18        The issue Defendant raises on appeal presents the central question of what the appropriate requirements for a trial court are to transfer a case to be heard by a three-judge panel. Granting Defendant's petition would afford this Court the opportunity to consider a relatively new statutory scheme which has limited jurisprudence surrounding it. In considering the issues raised by Defendant this Court will have

CRYAN V. NAT'L COUNCIL OF YOUNG MEN'S CHRISTIAN ASS'N OF THE U.S.

2021-NCCOA-612

*Opinion of the Court*

the opportunity to provide guidance and clarity to trial courts across North Carolina when evaluating the merits of a potential transfer of a case to a three-judge panel. For these reasons, we conclude that Defendant's raised issue is "significant" and "important" and that granting the petition for writ of certiorari will "promote judicial economy" by providing trial courts with guidance on a novel and complex statutory scheme. *See Stetser*, 165 N.C. App. at 12, 598 S.E.2d at 578-79; *see also Stubhub*, 219 N.C. App. at 232, 727 S.E.2d at 554.

### C. Trial Court's Finding Plaintiff Raised a Facial Challenge

¶ 19    In 2014 the North Carolina General Assembly implemented a statutory scheme which requires certain challenges to its acts be decided by a three-judge panel in the Superior Court of Wake County. *See* N.C. Gen. Stat. §§ 1-81.1 and 1-267.1. These statutes only apply to "facial challenges to the validity of an act of the General Assembly, not as applied challenges." *Holdstock v. Duke Univ. Health Sys.*, 270 N.C. App. at 271, 841 S.E.2d at 311 (2020) (cleaned up); N.C. Gen. Stat. § 1-267.1(a1). Under the North Carolina Rules of Civil Procedure, for a facial challenge to the validity of an act of the General Assembly to be transferred to a three-judge panel the facial challenge must be raised by a claimant in the claimant's complaint or amended complaint or by the defendant in the defendant's answer, responsive pleading, or within 30 days of filing the defendant's answer or responsive pleading. N.C. Gen. Stat. § 1A-1, Rule 42(b)(4). If the facial challenge is properly raised, "the court shall,

CRYAN V. NAT'L COUNCIL OF YOUNG MEN'S CHRISTIAN ASS'N OF THE U.S.

2021-NCCOA-612

*Opinion of the Court*

on its own motion, transfer that portion of the action challenging the validity of the act of the General Assembly to the Superior Court of Wake County for resolution by a three-judge panel . . . ." *Id.*

¶ 20   In the case *sub judice*, the initial constitutional challenge was raised in Defendant's 1 June 2020 motion to dismiss. However, Defendant specifically stated that they were arguing the General Assembly's 2019 amendments "are unconstitutional only as applied to the Kernersville YMCA on the particular facts of this case . . . ." No mention of a facial challenge was made until Plaintiffs' motion to transfer Defendant's motion to dismiss to a three-judge panel. In their motion to transfer, the Plaintiffs' asserted that Defendant was in fact making a facial challenge to the 2019 amendments. Following Plaintiffs' motion to transfer, Defendant reaffirmed they were making an as applied challenge to the constitutionality of the 2019 amendments by filing an amended motion to dismiss (which maintained the as applied language) and arguing before the trial court at the hearing on the motion to transfer that their challenge was an as applied challenge.

¶ 21   In its order transferring Defendant's motion to dismiss to a three-judge panel, the trial court stated, "[u]nder the provisions of N.C. Gen. Stat. § 1-267.1 and N.C. Gen. Stat. § 1-1A, Rule 42(b)(4), because Plaintiff has asserted facial challenges to the constitutionality of acts of the North Carolina General Assembly, the challenges must be heard and determined by a three-judge panel of the Wake County Superior

CRYAN V. NAT'L COUNCIL OF YOUNG MEN'S CHRISTIAN ASS'N OF THE U.S.

2021-NCCOA-612

*Opinion of the Court*

Court." However, we conclude that Plaintiffs did not make a facial challenge to the constitutionality of the 2019 amendments. In fact, Plaintiffs specifically stated they were not arguing the 2019 amendments were unconstitutional, only that Defendant's challenge was in fact a facial challenge. Further, even if Plaintiffs had made a facial challenge, they did so in a motion to transfer, not in their complaint as required by Rule 42(b)(4). In fact, making any argument the 2019 amendments were unconstitutional would be in direct opposition to Plaintiffs' claims before the trial court. As Defendant made clear they were only making an as applied challenge to the 2019 amendments, and the trial court did not make a determination itself that Defendant's constitutional challenges were in fact a facial challenge, no facial challenge was made in the time prescribed by Rule 42(b)(4) for a court to be able to transfer a facial challenge to a three-judge panel.

¶ 22        Defendant YMCA moved to dismiss all claims, clearly making an "as applied" challenge to Section 1-17(e).[1]  Defendant does not challenge the authority of the General Assembly to create disabilities as a means of extending the time during which a sufferer of sexual abuse may sue.  Rather, Defendant only challenges subsection (e)'s application to claims *that had already become time-barred* prior to its

---

[1] I note that Section 1-17(d) provides that a minor who suffers sexual abuse may sue a defendant for claims related to the sexual abuse has until (s)he turns 28 years of age to bring such action.  Subsection (d) does not come into play in this present case as all Plaintiffs were over 28 years of age when the present action was commenced.

CRYAN V. NAT'L COUNCIL OF YOUNG MEN'S CHRISTIAN ASS'N OF THE U.S.

2021-NCCOA-612

*Opinion of the Court*

enactment in 2019. Indeed, our Supreme Court has held that "[a] right or remedy, once barred by a statute of limitations, may not be revived by an Act of the General Assembly. . . . But the Legislature may [only] extend at will the time within which a right may be asserted or a remedy invoked so long as it is not already barred by an existing statute." *Waldrop v. Hodges*, 230 N.C. 370, 373, 53 S.E.2d 263, 265 (1949). *See also Jewell v. Price*, 264 N.C. 459, 461, 142 S.E.2d 1, 3 (1965).

¶ 23 While the trial court is free to transfer an action to a three-judge panel on its own motion based on a facial challenge to an act of the General Assembly, a trial court is not free to impute a facial challenge argument on a party. Nor is a trial court free to transfer a matter to a three-judge panel so that the three-judge panel may decide whether a facial challenge was raised. The plain language of the statutory scheme clearly provides that a party must affirmatively raise a facial challenge, and that facial challenge must be raised in either the claimant's complaint/amended complaint or the defendant's answer, responsive pleading, or within 30 days of the defendant's answer or responsive pleading. N.C. Gen. Stat. §§ 1-81.1, 1-267.1, and 1A-1, Rule 42(b)(4). No such facial challenge was raised here. As a result, we conclude the trial court erred by transferring Defendant's motion to dismiss to a three-judge panel.

## VI. Conclusion

¶ 24 We hold the trial court's order transferring Defendant's motion to dismiss to a

CRYAN V. NAT'L COUNCIL OF YOUNG MEN'S CHRISTIAN ASS'N OF THE U.S.

2021-NCCOA-612

*Opinion of the Court*

three-judge panel in Wake County Superior Court was an interlocutory order not affecting a substantial right. We also conclude that this case presents significant and important issues and grant Defendant's petition for writ of certiorari in the interest of judicial economy. As a result, we necessarily deny Plaintiffs' motion to dismiss Defendant's appeal.

We hold neither party raised a facial challenge to the 2019 amendments and that the trial court erred by transferring Defendant's motion to dismiss to a three-judge panel. Thus, we vacate and remand this matter to the trial court for further proceedings not inconsistent with this order.


VACATE AND REMAND.

Judge DILLON concurs.

Judge CARPENTER dissents.

No. COA20-696 – Cryan v. Nat'l Council of Young Men's Christian Ass'n of the U.S.

CARPENTER, Judge, dissenting.

Under N.C. R. App. P. 21(a)(1), "a writ of certiorari will only be issued upon a showing of appropriate circumstances in a civil case where [*inter alia*] no right to appeal from an interlocutory order exists." *Stetser v. TAP Pharm. Prods. Inc.*, 165 N.C. App. 1, 12, 598 S.E.2d 570, 578-79 (2004). Consequently, "[i]t is an appropriate exercise of this Court's discretion to issue a writ of certiorari in an interlocutory appeal where . . . there is merit to an appellant's substantive arguments and it is in the interests of justice to treat an appeal as a petition for writ of certiorari." *Zaliagiris v. Zaliagiris*, 164 N.C. App. 602, 606, 596 S.E.2d 285, 289 (2004). This Court has determined that such interests exist when the impact of the lawsuit is "significant," the issues involved are "important," and the case presents a need for the writ in the interests of the "efficient administration of justice," or the granting of the writ would "promote judicial economy." *See Stetser* 165 N.C. App. at 12, 598 S.E.2d at 578-79 (granting review of a class action certification based on the "need for efficient administration of justice," the "significance of the issues in dispute," the "significant impact" of the lawsuit, the effect of the order on "numerous individuals and corporations" and the "substantial amount of potential liability" involved); *see also Hill v. Stubhub, Inc.*, 219 N.C. App. 227, 232, 727 S.E.2d 550, 554 (2012) (granting review in order to "further the interests of justice").

- 1 -

CRYAN V. NAT'L COUNCIL OF YOUNG MEN'S CHRISTIAN ASS'N OF THE U.S.

2021-NCCOA-612

*CARPENTER, J., dissenting*

¶ 27          The issues Defendant raises on appeal present the central question of whether the constitutional challenge to N.C. Gen. Stat. § 1-17(e) should be heard by a three-judge panel or an individual judge in Forsyth County.  Defendant is not asking this Court to decide the constitutionality of the statute—nor is this Court the proper place to do so.  Consequently, while Defendant's raised issue is "significant" and "important" to the parties, it does not introduce a matter so pressing that the denial of Defendant's petition would negatively affect the "efficient administration of justice" or work against our judicial economy.  *See Stetser*, 165 N.C. App. at 12, 598 S.E.2d at 578-79; *see also Stubhub*, 219 N.C. App. at 232, 727 S.E.2d at 554.

¶ 28          Rather, Defendant's sub-issue—whether Defendant's constitutional challenge is an as-applied or facial constitutional challenge—is a determination best made by the trial court and filtered through the statutory scheme prescribed by the legislature.  *See* N.C. Gen. Stat. § 1-267.1 (2019).  The trial court had the benefit of hearing arguments of counsel and receiving memoranda on the issues.  Further, when the constitutional challenge is ultimately decided by the three-judge panel in Wake County Superior Court, the matter may be remanded back to the trial court upon any initial determination by the three-judge panel that it lacks jurisdiction to rule on the challenge because it is not a facial challenge.  The legislature has contemplated and incorporated a *de facto* review of the initial determination of the trial judge by the appointed three judge panel.  This Court's grant of a petition for writ of certiorari to

CRYAN V. NAT'L COUNCIL OF YOUNG MEN'S CHRISTIAN ASS'N OF THE U.S.

2021-NCCOA-612

*CARPENTER, J., dissenting*

consider whether jurisdiction is proper with a three-judge panel in Wake County Superior Court based solely on Defendant's assertion its constitutional challenge is "as-applied" shortcuts the statutory scheme prescribed by the legislature, would be an inappropriate circumvention of the process, and therefore would not "promote judicial economy," but would interfere with the "efficient administration of justice." *See Stetser*, 165 N.C. App. at 12, 598 S.E.2d at 578-79; *see also Stubhub*, 219 N.C. App. at 232, 727 S.E.2d at 554.

¶ 29     The legislature set forth a statutory scheme to address constitutional challenges to statutes. *See* N.C. Gen. Stat. § 1-267.1. In brief, a trial court determines, either by statutory mandate or in its discretion, to transfer subject matter jurisdiction of a constitutional challenge to a three-judge panel in Wake County; upon transfer, the issue is within the jurisdiction of the three-judge panel. In granting Defendant's petition for writ of certiorari, this Court will create precedent for a new procedure whereby a party that disagrees with a trial judge's referral of a constitutional challenge to a three-judge panel can petition this Court for a writ of certiorari. In such an instance, this Court will be tasked with explaining why the raised constitutional challenge in the case currently before it is distinguishable from any future constitutional challenge. The precedent that flows from the majority's opinion will create a dilemma in which any disagreement between the parties as to whether a constitutional challenge is "facial" or "as applied" will be decided by this

CRYAN V. NAT'L COUNCIL OF YOUNG MEN'S CHRISTIAN ASS'N OF THE U.S.

2021-NCCOA-612

*CARPENTER, J., dissenting*

Court, rather than by the three-judge panel prescribed by statute. The precedent established here therefore has the potential to eliminate the role of the statutory three-judge panel in future constitutional challenges.

¶ 30        This Court, by granting Defendant's petition for writ of certiorari, will also unwittingly decide that multiple classes in fact exist for purposes of the constitutionality of N.C. Gen. Stat. § 1-17(e). To do so is to take a critical step in determining the ultimate outcome of the central issue of the case before the trial court. It would be prudent for this Court to refrain from exercising its jurisdiction to grant Defendant's petition for writ of certiorari in favor of and in deference to the statutory scheme prescribed by the legislature in N.C. Gen. Stat. § 1-267.1.

¶ 31        Lastly, granting Defendant's petition for writ of certiorari creates an avenue for a party to draw out litigation, contrary to our goal of promoting judicial economy. The majority's grant incentivizes parties who wish to delay a trial on the merits of a case to petition this Court for a decision as to whether the referral of an issue to the three-judge panel was proper in every instance. The risk of the emergence of such unnecessary appeals is exaggerated by the majority's declination to identify reasons for this case's unique importance or necessity to the protection of the interests of justice. In the future, this Court should expect petitions for writ of certiorari arising from similar referrals to three-judge panels. When the petitions arrive, this Court will have no precedence on which we may rely to deny granting certiorari to hear a

CRYAN V. NAT'L COUNCIL OF YOUNG MEN'S CHRISTIAN ASS'N OF THE U.S.

2021-NCCOA-612

*CARPENTER, J., dissenting*

challenge to a superior court judge's order transferring a constitutional challenge of a statute to a three-judge panel.

¶ 32     Because I would determine jurisdiction to decide the constitutional issue is proper before the three-judge panel in Wake County, I would deny Defendant's petition for writ of certiorari.  I therefore respectfully dissent.