BROWN McKINNEY AND WIFE, BETTY McKINNEY, ET AL. v. THE ROYAL GLOBE INSURANCE COMPANY

No. 8224SC1112

(Filed 4 October 1983)

**Appeal and Error § 6.2— order granting partial summary judgment—premature appeal**

  In an action to recover on a fire insurance policy in which defendant pleaded four different defenses, the trial court's order granting plaintiffs' motion for summary judgment as to defendant's second defense that plaintiffs caused the fire was not immediately appealable since it was interlocutory and did not deprive defendant of any substantial right. G.S. 1-277(a); G.S. 7A-27(d)(1).

APPEAL by defendant from *Howell, Judge.* Order entered 21 July 1982 in Superior Court, MITCHELL County. Heard in the Court of Appeals 20 September 1983.

Plaintiffs instituted this action to recover damages from loss by fire of premises covered by an insurance policy issued by

defendant. Defendant admitted issuance of the policy and that same was in full force and effect at the time of the fire, but denied liability. Defendant pleaded five defenses, the second of which was alleged as follows:

SECOND DEFENSE

The defendant is advised, informed, and believes, and, therefore, alleges, that the fire referred to in plaintiffs' Complaint and any and all damages resulting therefrom were caused by the intentional and deliberate acts and omissions of the plaintiffs in that the plaintiffs, through their own acts and omissions or through the acts of others directed by them, caused the fire to occur and the plaintiffs are unable to recover any sums of the defendant and are not entitled to any recovery under the policy referred to.

After discovery, plaintiffs filed a motion for partial summary judgment on the issue of liability and affidavits in support thereof. The court granted plaintiffs' motion for summary judgment as to defendant's second defense and denied said motion as to the other defenses. Defendant appealed.

*Dennis L. Howell for plaintiff appellees.*

*Morris, Golding and Phillips by James N. Golding for defendant appellant.*

HILL, Judge.

Defendant assigns as error the court's granting of partial summary judgment for plaintiffs. At the outset, a question arises as to whether the partial summary judgment is appealable. We conclude defendant's appeal is premature and accordingly, we dismiss it. Defendant brings its appeal pursuant to the provisions of General Statutes 1-277(a) and 7A-27(d)(1) which in effect provide "that no appeal lies to an appellate court from an interlocutory order or ruling of the trial judge unless such ruling or order deprives the appellant of a substantial right which he would lose if the ruling or order is not reviewed before final judgment." *Consumers Power v. Power Co.*, 285 N.C. 434, 437, 206 S.E. 2d 178, 181, *reh'g denied*, 286 N.C. 547 (1974). *See also Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978).

Clearly, Judge Howell's order is not final but is interlocutory as it was entered during the pendency of the action, does not dispose of the case, and because further judicial action is required in order to settle and determine the entire controversy. *See Veazey v. Durham,* 231 N.C. 357, 57 S.E. 2d 377 (1950). In its answer, defendant raised essentially four defenses which were: (1) that the complaint failed to state a claim upon which relief could be granted; (2) that the plaintiffs caused the fire loss; (3) that plaintiffs increased the hazard of loss; and (4) that plaintiffs filed a fraudulent proof of loss statement. With the granting of summary judgment as to the second defense only, the court did not determine the issue of defendant's liability, thus the issues of liability and damages still remain to be resolved.

An appeal at this stage in the proceedings is objectionable because the court's order will only adversely affect defendant if and when it is determined that defendant is liable to plaintiffs. The reason for the rules embodied in G.S. 1-277(a) and 7A-27(d)(1) is to "prevent fragmentary, premature and unnecessary appeals by permitting the trial divisions to have done with a case fully and finally before it is presented to the appellate division. 'Appellate procedure is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from the final judgment.'" *Waters v. Personnel, Inc.,* 294 N.C. 200, 240 S.E. 2d 338 (1978), *quoting Raleigh v. Edwards,* 234 N.C. 528, 529, 67 S.E. 2d 669, 671 (1951). The present appeal is illustrative of the unnecessary, fragmentary appeals which the rules were designed to eliminate.

Furthermore, Judge Howell's order is not appealable on the theory that it affects a substantial right of defendant and will work injury to it if not corrected before an appeal from the final judgment. This case does not involve a mandatory injunction, *see English v. Realty Corp.,* 41 N.C. App. 1, 254 S.E. 2d 223, *cert. denied,* 297 N.C. 609, 257 S.E. 2d 217 (1979), an immediate payment of damages; *see Beck v. Assurance Co.,* 36 N.C. App. 218, 243 S.E. 2d 414 (1978); *Equitable Leasing Corp. v. Myers,* 46 N.C. App. 162, 265 S.E. 2d 240, *appeal dismissed,* 301 N.C. 92 (1980), or other damaging measures that would affect a substantial right of defendant. As was the case in *Waters v. Personnel, Inc.,* 294 N.C. 200, 208, 240 S.E. 2d 338, 344 (1978), "[d]efendant's rights here are

fully and adequately protected by an exception to the order which may then be assigned as error on appeal should final judgment in the case ultimately go against it." Because Judge Howell's order is interlocutory and does not deprive defendant of any substantial right, it is not appealable.

Appeal dismissed.

Judges HEDRICK and WEBB concur.