JOANN BROWN, PLAINTIFF v. D. T. BROWN, JR., ORIGINAL DEFENDANT, AND PAUL G. BROWN AND GLADYS BROWN, ADDITIONAL DEFENDANTS

No. 8524DC58

(Filed 1 October 1985)

**Appeal and Error § 6.2— equitable distribution—interlocutory appeal—dismissed**

Plaintiff's appeal was dismissed as interlocutory where she had filed an action for equitable distribution and added her brother-in-law and his ex-wife as additional defendants with allegations that property not titled in her husband's name was subject to equitable distribution because it had been purchased with funds from a company in which plaintiff's husband and his brother-in-law were equal partners; the trial court refused to admit an affidavit from plaintiff and refused her motion to produce documents; the court ordered plaintiff's *lis pendens* canceled; partial summary judgment was granted for the brother-in-law; and the trial court did not certify that there was no just cause for delay. Exceptions which may later be assigned as error provide adequate protection of plaintiff's rights as to the court's ruling on her motion to produce documents and the refusal to admit her affidavit; the possibility of waste or encumbrance of the property is not a clear loss of a substantial right; and avoidance of a rehearing to redivide the marital property if this property is subject to equitable distribution is not a substantial right warranting immediate appeal. G.S. 1A-1, Rule 54(b), G.S. 1-277, G.S. 7A-27.

APPEAL by plaintiff from *Lyerly, Judge*. Orders entered 17 August 1984 in District Court, WATAUGA County. Heard in the Court of Appeals 16 September 1985.

On 13 January 1982 plaintiff appellant, JoAnn Brown, instituted this action against her husband, D. T. Brown, Jr., seeking equitable distribution and other relief. Plaintiff later sought and obtained an order adding as additional defendants her brother-in-law, Paul G. Brown, and his ex-wife, Gladys Brown. In her amended complaint, plaintiff alleged that certain property not titled in her husband's name had been purchased with partnership funds from Brown Brothers Construction Company, a business in which D. T. Brown and Paul G. Brown are equal partners. Plaintiff claimed that this property which was acquired by Paul G. Brown and titled in his name, or in his name and that of his ex-wife, or titled in his name and that of third parties was subject to equitable distribution. Lis pendens were filed by plaintiff against all alleged marital property.

Subsequently, Paul G. Brown, appellee, filed a motion for summary judgment. Problems with discovery soon developed and

plaintiff filed a Motion for Production of Documents. The trial judge denied this motion and entered a Protective Order limiting plaintiff's scope of discovery. On 17 August 1984, the trial judge entered partial summary judgment for Paul G. Brown finding that property titled in the name of Gladys Brown, Paul G. Brown, and Paul G. Brown and third parties was exempt from plaintiff's equitable distribution claim. The trial judge also signed an additional Order on that day cancelling plaintiff's lis pendens on such property which had been determined as a matter of law not to be marital property. From these orders, plaintiff appealed.

*McElwee, McElwee, Cannon & Warden, by William H. McElwee, III and William C. Warden, Jr., for plaintiff appellant.*

*Howell & Peterson, by Allen J. Peterson, for defendant appellee.*

ARNOLD, Judge.

Plaintiff contends that the trial court erred by 1) refusing to admit her affidavit into evidence at the summary judgment hearing, 2) canceling her notices of lis pendens, 3) denying her Motion for Production of Documents, and 4) granting partial summary judgment for Paul G. Brown. Appellee has made a motion to dismiss plaintiff's appeal as premature and frivolous. We deal first with this issue.

Basically, the right to appeal is available through two channels. 54(b) of the Rules of Civil Procedure allows appeal if there has been a final judgment as to all of the claims and parties, or if the specific action of the trial court from which appeal is taken is final and the trial judge expressly determines that there is no just reason for delaying the appeal. *Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E. 2d 240 (1980).

In examining plaintiff's right to an appeal by way of Rule 54(b), we note that the orders in the present case are interlocutory in nature since further action is required by the trial court to determine the entire controversy. These orders are not final as to all claims or parties. *See Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978). *See also Bailey v. Gooding*, 301 N.C. 205, 270 S.E. 2d 431 (1980). Plaintiff argues that the present appeal is proper under Rule 54(b) because the specific action by

the trial court is final as to all land titled in the names of Gladys Brown, Paul G. Brown, and Paul G. Brown and third parties. Assuming *arguendo* that plaintiff's contention has merit, her appeal is still untimely because the trial court did not certify the action for appeal by finding that there was "no just reason for delay." Rule 54(b) expressly requires that this determination be stated in the judgment itself. *Leasing Corp.* at 171, 265 S.E. 2d at 247. In the case *sub judice*, the trial judge made no such declaration in the judgment. Through Rule 54(b), no appeal lies.

The second channel to an appeal is by way of G.S. 1-277 or G.S. 7A-27. An appeal will be permitted under these statutes if a substantial right would be affected by not allowing appeal before final judgment. *See Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 299 S.E. 2d 777 (1983). Since Rule 54(b) affords plaintiff no appeal, a substantial right must be affected in order for plaintiff to avoid a ruling that her appeal is premature.

Courts recently have taken a restricted view of the substantial right exception. *See Blackwelder* at 334, 299 S.E. 2d at 780. A right is substantial only when it "will *clearly* be lost or irremediably adversely affected if the order is not reviewable before final judgment." *Blackwelder* at 335, 299 S.E. 2d at 780 (emphasis added). Plaintiff fails to show a right which will clearly be lost or affected if immediate review is denied.

Plaintiff contends that the trial court's ruling on her motion to produce documents and the court's refusal to admit plaintiff's affidavit into evidence warrant immediate review. We hold that they are not substantial rights. Protection of these rights is adequately supplied by exceptions which may then be assigned as error on later appeal. *See Terry's Floor Fashions v. Murray*, 61 N.C. App. 569, 300 S.E. 2d 888 (1983).

Plaintiff also contends that her alleged right to property titled in the names of Paul G. Brown, his ex-wife, and Paul G. Brown and third parties, amounts to a substantial right which would be lost if not reviewed before final judgment. Such is not the case. There is the chance, as with all property, of waste or encumbrance. This, however, is not enough to establish the loss of a substantial right. The requirement is not one of possibilities but one of definite loss. In the case *sub judice*, there is no clear loss of a substantial right which would be caused by rejection of this early appeal.

It is true that if the property in question is found later on appeal to be subject to plaintiff's equitable distribution claim that this property must be added to the marital pie and a redivision of the marital property must occur. This point, however, is not determinative of the issue at hand. The avoidance of a rehearing is not a substantial right warranting immediate appeal. *Blackwelder* at 335, 299 S.E. 2d at 780. There is no substantial right involved in the present case.

The rules concerning appeal are intended to "prevent fragmentary and premature appeals that unnecessarily delay the administration of justice. . . ." *Bailey* at 209, 270 S.E. 2d at 434. They are designed to allow the trial court to fully dispose of a case before an appeal can be heard. *Id.* There is no appeal available to plaintiff through either channel discussed above. We return this case to the trial court for determination of the entire controversy.

Appeal dismissed.

Chief Judge HEDRICK and Judge COZORT concur.