TROY W. HORNE, D/B/A TROY'S MOBILE HOMES v. NOBILITY HOMES, IN-CORPORATED AND BELLEFONTE UNDERWRITERS INSURANCE COMPANY

No. 8725SC648

(Filed 19 January 1988)

**Appeal and Error § 6.2— order setting aside default—appeal premature**

There was no merit to plaintiff's contention that dismissal of his appeal from an order setting aside a default judgment would result in irreparable harm because defendant's remaining assets would be beyond the jurisdiction of North Carolina courts, thus hindering recovery on a final judgment, since plaintiff failed to show that the attachment provisions of N.C.G.S. § 1-440.1 *et seq.* afforded him no relief as to defendant's assets; therefore, plaintiff's appeal was premature and must be dismissed.

APPEAL by plaintiff from *Sherrill, Judge.* Order entered 18 March 1987 in Superior Court, BURKE County. Heard in the Court of Appeals 4 January 1988.

Plaintiff mobile home dealer brought this action to recover damages resulting from the alleged faulty construction of a mobile home manufactured by defendant Nobility Homes, Incorporated (Nobility), a Florida corporation. Plaintiff's complaint alleged that defendant Bellefonte Underwriters Insurance Company (Bellefonte) was Nobility's surety in accordance with G.S. 143-143.12.

Bellefonte was served with process on 23 June 1986 through its registered agent and on 19 June 1986 through the North Carolina Department of Insurance. Plaintiff's attempted service of process on Nobility through a Florida attorney, Irvin Weiner, was refused. Nobility was served on 10 July 1986 through the general manager of its Reidsville, North Carolina manufacturing plant.

Neither defendant answered and the clerk of Superior Court of Burke County entered default on 22 August 1986. Default judgment was entered against both defendants by Judge Marlene Hyatt on 15 September 1986. On 15 January 1987, defendants moved for relief from the judgment. On 18 March 1987, Judge Sherrill entered an order setting aside the default judgment. Plaintiff appeals.

*Stephen T. Daniel & Associates, P.A., by Stephen T. Daniel, for plaintiff-appellant.*

*Patton, Starnes, Thompson, Aycock & Teele, P.A., by Robert L. Thompson, for defendants-appellees.*

SMITH, Judge.

The order from which plaintiff appeals is interlocutory. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham,* 231 N.C. 357, 362, 57 S.E. 2d 377, 381, *reh'g denied,* 232 N.C. 744, 59 S.E. 2d 429 (1950). *Accord McKinney v. Royal Globe Insur. Co.,* 64 N.C. App. 370, 307 S.E. 2d 390 (1983). An order setting aside a default judgment is interlocutory as "it does not finally dispose of the case and requires further action by the trial court." *Bailey v. Gooding,* 301 N.C. 205, 209, 270 S.E. 2d 431, 434 (1980).

No appeal lies from an interlocutory order unless it affects a substantial right and will result in injury if not reviewed before final judgment. G.S. 1-277(a); G.S. 7A-27(d); *Waters v. Personnel, Inc.,* 294 N.C. 200, 240 S.E. 2d 338 (1978). *Accord Fraser v. Di Santi,* 75 N.C. App. 654, 331 S.E. 2d 217, *disc. rev. denied,* 315 N.C. 183, 337 S.E. 2d 856 (1985). If the appellant's rights "would be fully and adequately protected by an exception to the order that could then be assigned as error on appeal after final judgment," there is no right to an immediate appeal. *Bailey v. Gooding, supra,* at 210, 270 S.E. 2d at 434.

Plaintiff contends our refusal to hear this appeal will deny a substantial right. By affidavit, plaintiff's counsel submits that Nobility's Reidsville plant has been closed and is now for sale. Plaintiff argues that a dismissal of this appeal will result in irreparable harm to plaintiff in that Nobility's remaining assets will be beyond the jurisdiction of North Carolina courts thus hindering recovery on a final judgment. We disagree. Plaintiff has not shown that the attachment provisions of G.S. 1-440.1 *et seq.* afford no relief as to Nobility's assets. Accordingly, plaintiff has not shown that it will be deprived of a substantial right.

In this case, plaintiff's objection to the order setting aside the default judgment is protected by its exception to the order. Avoidance of a trial is not a substantial right entitling plaintiff to an immediate appeal. *Waters v. Personnel, Inc., supra; Bailey v. Gooding, supra.* No right will be lost by delaying the appeal until after a final judgment is entered. As the appeal is premature, it must be dismissed. *Bailey v. Gooding, supra.*

Appeal dismissed.

Judges ARNOLD and WELLS concur.