SANDRA BARRETT, Plaintiff v. CARL A. HYLDBURG, Defendant

No. COA96-628

(Filed 5 August 1997)

1. **Appeal and Error § 89 (NCI4th)— appeal from motion in limine—recovered memories excluded—premature**

An appeal from the trial court's grant of defendant's motion *in limine* to exclude from a civil assault and emotional distress action recovered memories of childhood sexual abuse was premature, even though the trial court found that the allowance of the motion affected a substantial right of plaintiff, because it could not be said that such right would be lost or less than adequately protected by exception to the order. Without this evidence, plaintiff's suit would be a candidate for summary adjudication and, upon appeal from such judgment, plaintiff would be afforded full opportunity to argue that such evidence was improperly excluded. However, while plaintiff's appeal thus does not satisfy the two part test required for appeal of an interlocutory order, it was treated in the Court of Appeals' discretion as a petition for writ of certiorari.

2. **Evidence and Witnesses § 2047 (NCI4th)— recovered memory—admissible only with expert testimony**

On remand of plaintiff's action against her father for civil assault and emotional distress based on recovered memories of

**BARRETT v. HYLDBURG**

[127 N.C. App. 95 (1997)]

childhood sexual abuse where the trial court had granted a motion *in limine* excluding the evidence of recovered memories, plaintiff may not proceed with evidence of her alleged repressed memories of childhood sexual abuse without accompanying expert testimony on the phenomenon of memory repression. Plaintiff may not express the opinion that she herself has experienced repressed memory. Even assuming she were not to use the term "repressed memory" and simply testified that in 1993 she suddenly remembered traumatic incidents from her childhood, such testimony must be accompanied by expert testimony on the subject of memory repression so as to afford the jury a basis upon which to understand the phenomenon and evaluate the reliability of testimony derived from such memories.

3. **Appeal and Error § 342 (NCI4th)— cross-assignment of error—denial of summary judgment—appeal from granting of motion in limine—cross-assignment of error dismissed**

　　Defendant's cross-appeal from the failure of the trial court to grant his motion for summary judgment in an action for civil assault and emotional distress based upon recovered memories of childhood sexual abuse was dismissed where he assigned as error neither an action nor an omission of the trial court which deprived him of an alternative basis for supporting the order from which plaintiff appealed.

　　Appeal by plaintiff from order entered 26 February 1996 by Judge Ronald E. Bogle in Buncombe County Superior Court. Heard in the Court of Appeals 18 February 1997.

*Wise, Pratt-Thomas, Pearce, Epting & Walker, P.A., by Gregg Meyers and Mary Beth Arrowood, for plaintiff-appellant.*

*Blue, Fellerath, Cloninger, Barbour & Arcuri, P.A., by John C. Cloninger, and Robert E. Riddle, P.A., by Robert E. Riddle, for defendant-appellee.*

JOHN, Judge.

　　Plaintiff appeals the trial court's grant of defendant's motion *in limine* to exclude evidence regarding plaintiff's alleged "repressed memories" of sexual abuse. Although plaintiff's appeal is premature, we elect in our discretion to address the singular issue she presents at this time.

BARRETT v. HYLDBURG

[127 N.C. App. 95 (1997)]

Pertinent factual and procedural information is as follows: Plaintiff filed suit against defendant, her father, 28 February 1994, alleging claims of assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. Plaintiff, approximately forty-five years old at the time of filing her complaint, maintained defendant had "engaged in intimate sexual contact" with her as a minor. In an affidavit and deposition later filed with the court, plaintiff asserted she recalled two instances of sexual contact with defendant. The first was an occasion when she was six years old and being bathed by defendant. According to plaintiff, defendant "stimulated [her] genitals" when he washed between her legs and became angry when she "screamed that it tickled." Second, plaintiff alleged that when she was not quite three years old, she was awakened one night in her bedroom "by my father's left hand tightly clenched around my neck and his penis in my throat." Plaintiff explained she did not recover memories of these incidents until February and March 1993, approximately forty years later. She indicated her first recollection came "spontaneously" after viewing part of the television program "Not in My Family," dealing with the topic of child sexual abuse.

Defendant filed answer denying the essential allegations of plaintiff's complaint and subsequently moved for summary judgment, claiming plaintiff's claims were barred by the applicable statutes of limitation, N.C.G.S. § 1-52(5) and N.C.G.S. § 1-54(3), and the statute of repose, N.C.G.S. § 1-52(16). This motion was denied in an order entered 21 August 1995.

Defendant subsequently filed a motion *in limine* to exclude all evidence of plaintiff's "repressed memories." Defendant argued such evidence would require expert testimony on the phenomenon of memory repression in order to be admissible. Defendant further maintained the evidence would in any event ultimately be inadmissible in that "repressed memory has not gained general acceptance within the relevant scientific community" and has not been shown to be reliable. The trial court granted defendant's motion 26 February 1996 in a detailed "Memorandum and Order" which included the following conclusions of law:

1. The alleged repressed memory evidence to be offered by plaintiff is beyond the life experience of the average juror, and therefore, a juror would have no basis on which to judge, evaluate or determine the credibility or reliability of the alleged victim's tes-

timony. The theory of repressed memory is a psychological concept which must be established, if at all, by the relevant expert scientific community. . . .

2. . . . . The Court concludes that attempts to test the theory of repressed memory have been made, but that thus far the theory has been beyond scientific verification; there has been substantial publication about repressed memory, but rather than verifying the theory, the publications highlight the debate raging in the scientific community about the validity of the phenomenon of repressed memory; and finally, there has been no general acceptance in the relevant scientific community of the theory of repressed memory.

3. The Court concludes that the lack of reliability of the phenomenon of repressed memory prevents such evidence from being of any assistance to the trier of fact, and the Court is of the opinion that the testimony of experts for both the plaintiff and defendant would not assist the jurors in determining the reliability of such evidence, inasmuch as the relevant scientific community itself is unable to vouch for its reliability.

The court further determined its grant of defendant's motion *in limine* affected "a substantial right" of plaintiff, and plaintiff filed notice of appeal to this Court 27 March 1996. Defendant cross-assigned as error denial of his summary judgment motion, and, in the alternative, filed a petition for writ of certiorari with this Court requesting we review the denial of that motion.

[1] Although defendant has not challenged plaintiff's appeal as premature, it is our responsibility to address the issue prior to consideration of the merits of plaintiff's appeal. *See Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980).

We first observe that a trial court's ruling on a motion *in limine* is an interlocutory ruling which may be changed when the evidence is offered at trial. *State v. Swann*, 322 N.C. 666, 686, 370 S.E.2d 533, 545 (1988). While appeal of right lies from a final judgment, interlocutory orders generally are not appealable subject to certain specific statutory exceptions. *Brown v. Brown*, 77 N.C. App. 206, 207-8, 334 S.E.2d 506, 507-8 (1985), *disc. review denied*, 315 N.C. 389, 338 S.E.2d 878 (1986); *see* N.C.G.S. § 1-277 (1996); N.C.G.S. § 1A-1, Rule 54(b) (1990); and N.C.G.S. § 7A-27(d) (1995).

**BARRETT v. HYLDBURG**

[127 N.C. App. 95 (1997)]

The trial court's order expressed its determination that allowance of defendant's motion *in limine* affected a substantial right of plaintiff. *See* G.S. § 1-277(a) and G.S. § 7A-27(d)(1). Appeal of an interlocutory order based upon impairment of a substantial right requires a finding (1) that the right in question qualifies as "substantial," and (2) that, absent immediate appeal, the right will be "lost, prejudiced or be less than adequately protected by exception to entry of the interlocutory order." *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 6, 362 S.E.2d 812, 815 (1987). The particular facts of each individual case and the procedural context in which the contested order was entered govern the former determination. *Green v. Duke Power Co.*, 305 N.C. 603, 606, 290 S.E.2d 593, 595 (1982).

Assuming *arguendo* the trial court properly characterized its order as affecting a "substantial right," it cannot be said that such right would be "lost" or "less than adequately protected by exception" to the order. *Slurry*, 88 N.C. App. at 6, 362 S.E.2d at 815. Without evidence of her alleged recovered memories, an essential component of plaintiff's case, plaintiff's suit would be a candidate for summary adjudication. Upon appeal from such judgment, plaintiff would be afforded full opportunity to argue such evidence was improperly excluded. *See Bailey*, 301 N.C. at 210, 270 S.E.2d at 434 (plaintiff's exception to court's interlocutory order fully protected her right to appeal order after final judgment on the merits). While plaintiff's appeal thus does not satisfy the two part test enunciated herein, we treat it in our discretion as a petition for writ of certiorari, *see* N.C.R. App. P. 21(a)(1), and allow the writ to address the singular issue presented. *See Rudder v. Lawton*, 62 N.C. App. 277, 279, 302 S.E.2d 487, 489 (1983) (writ granted to address trial court's order allowing motion *in limine*).

[2] The trial court's order regarding defendant's motion *in limine* essentially contained two determinations: 1) plaintiff's testimony as to her allegedly repressed memories was precluded absent accompanying expert testimony explaining to the jury the phenomenon of memory repression, and 2) expert testimony regarding repressed memory would be excluded because of the lack of scientific assurance of the reliability of repressed memory as an indicator of what has actually transpired in the past. Plaintiff's brief to this Court addresses only the first of these determinations. *See* N.C.R. App. P. 28(a) (review limited to questions set forth in appellant's brief). She contends her testimony regarding recovery of memories of abuse by

BARRETT v. HYLDBURG

[127 N.C. App. 95 (1997)]

defendant constitutes admissible lay testimony consisting of her sensory perceptions, *see* N.C.R. Evid. 701, and insists expert testimony on repressed memory need not be a component of her case. We hold plaintiff's testimony regarding recovered memories of abuse may not be received at trial absent accompanying expert testimony on the phenomenon of memory repression.

A New Hampshire court has spoken on the subject with precision:

> A jury can most assuredly understand the infirmities of memories and the motives that shape them in the normal course of their experience. The jurors are completely capable of evaluating the accuracy of the memory and the credibility of the person testifying from it, by virtue of the ordinary knowledge, common sense, and practical experience by which we all make such determinations in our everyday lives.

> However, the very concept of a "repressed" memory, that is, that a person can experience a traumatic event, and have no memory of it whatsoever for several years, transcends human experience. There is nothing in our development as human beings which enables us to empirically accept the phenomenon, or to evaluate its accuracy or the credibility of the person "recovering" the memory. The memory and the narration of it are severed from all the ordinary human processes by which memory is commonly understood. To argue that a jury could consider such a phenomenon, evaluate it and draw conclusions as to its accuracy or credibility, without the aid of expert testimony is disingenuous to say the least.

*State v. Hungerford,* 1995 WL 378571, p. 3 (N.H. Super. Ct. May 23, 1995), *aff'd,* 1997 WL 358620 (N.H. July 1, 1997); *see also Shahzade v. Gregory,* 923 F. Supp. 286, 287 (D. Mass. 1996) (repressed memory beyond understanding of jury; expert testimony appropriate); *Commonwealth v. Crawford,* 682 A.2d 323, 329 (Pa. Super. Ct. 1996), *appeal granted,* 693 A.2d 965 (Pa. 1997) (expert testimony regarding repressed memory required); *cf. Isley v. Capuchin Province,* 877 F. Supp. 1055, 1063-64 (E.D. Mich. 1995) (court must screen expert testimony on repressed memory for reliability); *State v. Quattrocchi,* 681 A.2d 879, 883-84 (R.I. 1996) (judge must determine reliability before allowing repressed memory testimony).

**BARRETT v. HYLDBURG**

[127 N.C. App. 95 (1997)]

In *State v. Kelly*, 118 N.C. App. 589, 596, 456 S.E.2d 861, 868, *disc. review denied*, 341 N.C. 422, 461 S.E.2d 764 (1995), this Court observed that a mother—who advanced the opinion that her son had repressed memories of sexual abuse by the defendant—was testifying "to matters reserved for expert testimony." *See* N.C.R. Evid. 702 (experts may testify regarding "scientific, technical or other specialized knowledge") and N.C.R. Evid. 703 (expert testimony need not be based on personal knowledge). Likewise, in the present case, plaintiff may not express the opinion she herself has experienced repressed memory. Moreover, even assuming plaintiff were not to use the term "repressed memory" and simply testified she suddenly in 1993 remembered traumatic incidents from her childhood, such testimony must be accompanied by expert testimony on the subject of memory repression so as to afford the jury a basis upon which to understand the phenomenon and evaluate the reliability of testimony derived from such memories. *See Hungerford*, 1997 WL 358620 at p.6 ("[I]f the subject matter in dispute is beyond the general understanding of a jury, the party bearing the burden of proof must adduce expert testimony to explain such evidence.").

[3] Turning to defendant's assignment of error to the court's failure to grant his motion for summary judgment, we note it was not properly the subject of a "cross-assignment of error." Defendant assigned as error neither an action nor an omission of the trial court which deprived him of an alternative basis for supporting the order from which plaintiff has appealed, *i.e.*, the order granting defendant's motion *in limine*. *See* N.C.R. App. P. 10(d). Defendant's appeal is therefore dismissed, and we decline his request that we grant certiorari.

In conclusion, we affirm the trial court's decision that plaintiff may not proceed with evidence of her alleged repressed memories of childhood sexual abuse without accompanying expert testimony on the phenomenon of memory repression, and remand the case for further proceedings. We are cognizant the trial court's order purports to exclude such testimony at trial as scientifically unreliable, but reiterate that a motion *in limine* decision is one "which a trial court may change when the evidence is offered at trial," *Swann*, 322 N.C. at 686, 370 S.E.2d at 545. Such further ruling *and* a final judgment on plaintiff's cause of action are due before this case again comes to our Court for review. *See Brown*, 77 N.C. App. at 209, 334 S.E.2d at 508 (rules concerning appeals "are designed to allow the trial court to fully dispose of a case before an appeal can be heard").

Affirmed and remanded in part; appeal dismissed in part.

Judges EAGLES and COZORT concur.

Judge COZORT concurred prior to 31 July 1997.