TOWN CENTER ASSOCIATES, PLAINTIFF v. Y & C CORPORATION, DEFENDANT v. THE CROSLAND GROUP, INC., COUNTERCLAIM DEFENDANT

No. COA96-1254

(Filed 2 September 1997)

**1. Appeal and Error §§ 118, 119 (NCI4th)— summary judgment—not appealable**

In an action arising from the termination of a lease, an appeal from the denial of a motion for summary judgment for Y&C and the granting of another against Y&C on its counterclaims was interlocutory. The denial of a motion for summary judgment is not an appealable order, and the summary judgment on Y&C's counterclaims failed to resolve all of the issues between the parties and thus was not a final judgment.

**TOWN CENTER ASSOC. v. Y & C CORP.**

[127 N.C. App. 381 (1997)]

**2. Appeal and Error § 91 (NCI4th)— lease termination— summary judgment as to agent—certification by court— erroneous**

The trial court's order granting summary judgment on cross-claims against Crosland in an action involving a lease termination failed to resolve all issues between all parties and was not a final judgment despite the trial court's certification pursuant to N.C.G.S. § 1A-1, Rule 54(b) where entry of the summary judgment concluded all claims related to Crosland, but Crosland was a party to the suit only in its capacity as agent of plaintiff and its liability, if any, remained dependent upon the unresolved determination of plaintiff's liability as principal.

**3. Appeal and Error § 87 (NCI4th)— lease assignment—summary judgment—interlocutory order—no substantial right lost**

Although Y & C was twice placed on notice by plaintiff that Y & C's appeal from two summary judgment orders was challenged as interlocutory, Y & C discussed the issue of substantial right as to one order only by rehashing its arguments that summary judgment should have been allowed in its favor to prevent an unnecessary trial, and at no point addressed the issue of loss of a substantial right as to the other order, thereby failing to meet its burden of showing that the appeal was properly taken. The Court of Appeals' independent review revealed that no substantial right would be lost by delaying appeal until after the final judgment.

**4. Appeal and Error § 292 (NCI4th)— interlocutory order— writ of certiorari—denied**

The trial court declined to review through grant of a writ of certiorari interlocutory orders denying and granting summary judgments.

Appeal by defendant from orders filed 8 April 1996 by Judge Marcus L. Johnson and 20 August 1996 by Judge James U. Downs in Mecklenburg County Superior Court. Heard in the Court of Appeals 21 May 1997.

*Kennedy Covington Lobdell & Hickman, L.L.P., by Alice Carmichael Richey and Joseph W. Moss, Jr. for Plaintiff-Appellee and Counterclaim Defendant-Appellee.*

*Richard F. Harris, III for Defendant-Appellant.*

TOWN CENTER ASSOC. v. Y & C CORP.

[127 N.C. App. 381 (1997)]

JOHN, Judge.

Defendant Y & C Corporation (Y & C) appeals the grant of partial summary judgment to plaintiff, the grant of summary judgment to counterclaim defendant The Crosland Group, Inc. (Crosland), as well as the denial of Y & C's motion for summary judgment. We dismiss the appeal as interlocutory.

Pertinent facts and procedural history are as follows: plaintiff owns Town Center Plaza shopping center in Charlotte. Crosland acts as managing agent for the center. Y & C came into possession of a leasehold in the shopping center by mesne assignments of the lease and operates the Hot Wok Restaurant on the leasehold.

Plaintiff claimed Y & C failed to meet requirements of the sales achievement clause (the clause) in the lease assignment, and informed Y & C in writing 2 February 1995 of its intent to exercise the termination clause contained in the lease. Y & C was directed to vacate the premises on or before 2 April 1995, but failed to do so.

Seeking possession of the premises and damages, plaintiff initiated the instant action against Y & C 17 April 1995. Defendant filed answer and counterclaim 31 July 1995, as well as a motion to join Crosland. Joinder was allowed 6 April 1996.

On 5 January 1996, Y & C moved to dismiss the complaint and for summary judgment on grounds that plaintiff's continued acceptance of rent resulted in waiver of any alleged breach of the lease. The motions were consolidated and denied in an order entered 8 April 1996 (the 8 April order) by Judge Marcus L. Johnson. However, Y & C was allowed to amend its answer to include the affirmative defense of waiver.

As amended, Y & C's answer asserted the following as defenses: (1) plaintiff was equitably estopped from enforcing the clause, (2) the clause was not part of the lease assignment, (3) plaintiff failed to allow Y & C the opportunity allowed by the lease to cure any alleged breach of the clause, (4) plaintiff failed to provide proper notice of termination, and (5) plaintiff waived any alleged breach by acceptance of rent payments. In addition, Y & C counterclaimed against plaintiff for breach of lease, fraud, and unfair or deceptive trade practices. Crosland was cited as a defendant regarding the second and third counterclaims.

Plaintiff filed reply 8 September 1995 to Y & C's counterclaim, as did Crosland 18 June 1996. On 9 August 1996, plaintiff and Crosland moved for summary judgment on all issues raised by Y & C's counterclaims. The motion of each was granted as to Y & C's second and third counterclaims in an order filed 20 August 1996 (the 20 August order) by Judge James U. Downs, thereby dismissing all claims against Crosland. The court certified pursuant to N.C.G.S. § 1A-1 Rule 54 that it had entered final judgment "as to one or more but fewer than all of the counterclaims or parties, and there is no just reason for delay." Y & C filed timely notice of appeal.

[1] Plaintiff initially argues both in its brief in opposition to the issuance of a writ of certiorari and in its appellate brief that Y & C's appeal is interlocutory. Plaintiff's assertion has merit regarding both the 8 April and the 20 August orders.

The former, denying Y & C's motion for summary judgment, does not qualify as an appealable order. *See Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 424, 302 S.E.2d 868, 871 (1983) (citations omitted) ("*denial* of a motion for summary judgment is not appealable"). We therefore do not discuss the 8 April order further.

The 20 August order, granting summary judgment on Y & C's second and third counterclaims, failed to resolve all issues between all parties and thus was not a final judgment, *i.e.*, one which disposed of the case as to all parties, leaving nothing to be judicially determined between them in the trial court. *Atkins v. Beasley*, 53 N.C. App. 33, 36, 279 S.E.2d 866, 869 (1981). Although appeal of right lies from a final judgement, N.C.G.S. § 7A-27 (1995),

[a] grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal.

*Liggett Group v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993).

[2] An interlocutory appeal is permissible only under specific statutory exceptions. *Brown v. Brown*, 77 N.C. App. 206, 208, 334 S.E.2d 506, 508 (1985), *disc. review denied*, 315 N.C. 389, 338 S.E.2d 878 (1986). First, N.C.G.S. § 1A-1 Rule 54(b) provides that the trial court

may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment.

N.C.G.S. § 1A-1, Rule 54(b) (1990). The effect of the court's action is to permit immediate appeal of the "final" judgment.

Second, N.C.G.S. §§ 1-277 and 7A-27(d) allow an interlocutory appeal when the trial court's order (1) affects a substantial right, (2) in effect determines the action and prevents a judgment from which an appeal might be taken, (3) discontinues an action, or (4) grants or refuses a new trial. N.C.G.S. § 1-277 (1996); N.C.G.S. § 7A-27(d) (1995); *N.C. Dept. of Transportation v. Page,* 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995).

The 20 August order contained the trial court's certification pursuant to Rule 54(b); however, a trial court cannot "by denominating [its] decree a 'final judgment' make it immediately appealable under Rule 54(b) if it is not such a judgment." *Industries, Inc. v. Insurance Co.,* 296 N.C. 486, 491, 251 S.E.2d 443, 447 (1979). Although entry of summary judgment as to Y & C's counterclaims for fraud and unfair or deceptive trade practices effectively concluded all claims against Crosland, the latter was a party to the suit only in its capacity as agent of plaintiff. Hence, Crosland's liability, if any, to Y & C remained dependant upon determination of plaintiff's liability as principal, which issue has not yet been resolved in the trial court. It cannot fairly be said that delay of appellate review of Crosland's contingent liability would be unjust. Under such circumstance, the trial court's denomination of its judgment as "final" based upon no just reason for delay was error.

[3] We next consider whether defendant may pursue appeal pursuant to G.S. §§ 1-277 and 7A-27. Only the substantial right exception under the sections is potentially applicable here.

Appeal of an interlocutory order based upon impairment of a substantial right requires finding (1) that the right in question qualifies as "substantial," *see Green v. Duke Power Co.,* 305 N.C. 603, 606, 290 S.E.2d 593, 595 (1982), and (2) that, absent immediate appeal, the right will be "lost, prejudiced or be less than adequately protected by exception to entry of the interlocutory order," *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.,* 88 N.C. App. 1, 6, 362 S.E.2d 812, 815 (1987). The particular facts of each individual case, and the procedural context in which the contested order was entered, govern the latter determination. *Estrada v. Jaques,* 70 N.C. App. 627, 640, 321 S.E.2d 240, 249 (1984).

In the case *sub judice,* Y & C has twice been placed on notice by plaintiff that the latter challenges Y & C's appeal of the 20 August

order as interlocutory: first, in plaintiff's "Response In Opposition To [Y & C's] Petition For Writ of Certiorari," and later in the initial argument set out in plaintiff's appellate brief. In its petition for writ of certiorari, Y & C discusses the issue of substantial right only as it affects the 8 April order, and there only in terms of rehashing its arguments that summary judgment should have been allowed in its favor so that an unnecessary trial might be prevented. *See Horne v. Nobility Homes, Inc.*, 88 N.C. App. 476, 478, 363 S.E.2d 642, 643 (1988) (avoidance of trial is not substantial right entitling party to appeal). Y & C at no point addresses the issue of loss of a substantial right in reference to the 20 August order, did not avail itself of the opportunity to file a reply brief for that purpose, *see* N.C.R. App. P. 28(h), and thus has "failed to meet [its] burden of showing that the appeal [of the 20 August order] has been properly taken." *Hunter v. Hunter*, 126 N.C. App. 705, ——, 486 S.E.2d 244, 245 (1997). Notwithstanding such failure, and even though "[i]t is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order," *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994), our independent review of the record reveals no substantial right of Y & C "will be lost by delaying the appeal until after a final judgment is entered." *Horne*, 88 N.C. App. at 478, 363 S.E.2d at 643.

**[4]** Y & C also urges us in its petition to exercise our discretionary powers and to review the trial court's interlocutory orders through grant of a writ of certiorari. *See* N.C.R. App. P. 21(a)(1). We decline to do so. *See Mckinney v. Royal Globe Insur. Co.*, 64 N.C. App. 370, 372, 307 S.E.2d 390, 391 (1983) (citations omitted) (purpose of "rules embodied in G.S. 1-277(a) and 7A-27(d)(1) is to 'prevent fragmentary, premature and unnecessary appeals by permitting the trial divisions to have done with a case *fully and finally* before it is presented to the appellate division' " (emphasis added)).

Appeal dismissed.

Judges GREENE and WALKER concur.