McCULLOUGH, Judge.
 

 This case arises out of a dispute between Carolyn Brewer (respondent) and her stepchildren, Wayne Brewer and Anne Brewer (petitioners). Respondent married petitioners' father, Floyd Brewer, on 6 April 1981. On 19 November 1981, Floyd Brewer conveyed to petitioner Wayne Brewer a tract of land located in Graham, North Carolina (Wayne Brewer tract). Respondent did notparticipate in the 1981 transaction. The Wayne Brewer tract is currently subject to a deed of trust held by Fremont Investment and Loan and Mark O'Neal, the trustee (third-party respondents Fremont and O'Neal).
 

 The other parcel of land at issue in this case is the marital home of Floyd and Carolyn Brewer. This parcel is currently subject to a deed of trust in favor of Alamance County, North Carolina, with David Smith as trustee.
 

 On 17 May 2000, Floyd Brewer died intestate. The Alamance County Clerk of Court issued letters of administration to petitioner Anne Brewer on 5 April 2001. Petitioner Anne Brewer gave notice to creditors through publication in the Alamance News from 10 May 2001 to 31 May 2001. Creditors who wished to assert claims against the estate of Floyd Brewer had to file by 11 August 2001.
 

 On 12 August 2002, petitioners filed a petition to partition action against respondent. Petitioners alleged that they had a two-thirds (.) interest in the marital property and sought to have the home sold with the proceeds divided. On 3 January 2003, respondent filed an answer to the petition, a counterclaim, and a notice to elect a life estate pursuant to
 
 N.C. Gen. Stat. § 29-30
 
 (2003). In addition to attempting to elect a life estate in the marital property, respondent also claimed an interest in the Wayne Brewer tract. Respondent argued that, even though she was not a party to the deed, the transaction was still subject to her rights under
 
 N.C. Gen. Stat. § 29-30
 
 . At this time, respondent providednotice to mortgage holders of her intentions, and third-party respondents Fremont and O'Neal were joined to the proceeding.
 

 On 21 January 2003, third-party respondents Fremont and O'Neal filed an answer asserting that respondent's purported election of a life estate in the Wayne Brewer tract was untimely. After hearing the arguments of all the parties, the trial court granted summary judgment for third-party respondents Fremont and O'Neal only.
 

 Respondent appeals. On appeal, respondent argues that the trial court erred in determining that her claims were time barred. However, we do not reach this issue because respondent's appeal is interlocutory and subject to dismissal.
 

 Under N.C. Gen. Stat. § 1A-1, Rule 54(a) (2003), a judgment is either final or interlocutory. Our Supreme Court has explained this distinction:
 

 A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.
 
 Veazey v. Durham,
 

 231 N.C. 357
 
 , 361-62,
 
 57 S.E.2d 377
 
 , 381,
 
 reh'g denied,
 

 232 N.C. 744
 
 ,
 
 59 S.E.2d 429
 
 (1950). In this case, there was not a final judgment because the trial court did not dispose of the matter entirely. Because further action must be taken to decide the petition to partition and the parties' rights in the marital property, this is an interlocutory order. Generally, there are two channels through which an interlocutory order may be appealed.
 
 Brown v. Brown,
 

 77 N.C. App. 206
 
 , 207,
 
 334 S.E.2d 506
 
 , 507 (1985),
 
 disc. review denied,
 

 315 N.C. 389
 
 ,
 
 338 S.E.2d 878
 
 (1986). First, Rule 54(b) of our Rules of Civil Procedure allows a party to appeal "if there has been a final judgment as to all of the claims and parties, or if the specific action of the trial court from which appeal is taken is final and
 
 the trial judge expressly determines that there is no just reason for delaying the appeal.
 
 "
 
 Id.
 
 at 207,
 
 334 S.E.2d at 507-08
 
 (emphasis added). Our review of the record indicates that the trial court did not make this certification. Therefore, there is no right to appeal under Rule 54(b).
 

 The second ground for appealing an interlocutory order is through the substantial right exception.
 
 Id.
 
 at 208,
 
 334 S.E.2d at 508
 
 . Our courts have articulated a two-part test: (1) "the right itself must be substantial" and (2) "the deprivation of that substantial right must potentially work injury to plaintiff if not corrected before appeal from final judgment."
 
 Goldston v. American Motors Corp.,
 

 326 N.C. 723
 
 , 726,
 
 392 S.E.2d 735
 
 , 736 (1990). The substantial right test is "more easily stated than applied."
 
 Waters v. Personnel, Inc.,
 

 294 N.C. 200
 
 , 208,
 
 240 S.E.2d 338
 
 , 343 (1978). Furthermore, "[i]t is usually necessary to resolve the question in each case by considering the particular facts of that case[.]"
 

 Id.
 

 "Courts recently have taken a restricted view of the substantial right exception."
 
 Brown,
 

 77 N.C. App. at 208
 
 ,
 
 334 S.E.2d at 508
 
 . A right is substantial only when it "will clearlybe lost or irremediably adversely affected if the order is not reviewable before final judgment."
 
 Blackwelder v. Dept. of Human Resources,
 

 60 N.C. App. 331
 
 , 335,
 
 299 S.E.2d 777
 
 , 780 (1983). The appealing party has the burden of presenting "sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C.R. App. P. 28(b)(4)(2004). "It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order[.]"
 
 Jeffreys v. Raleigh Oaks Joint Venture,
 

 115 N.C. App. 377
 
 , 380,
 
 444 S.E.2d 252
 
 , 254 (1994).
 

 In this case, respondent claims that she has a substantial right because "the recognition of her right to claim such life estate would establish her right to possession and occupancy of the dwelling at issue in the partition[.]" However, respondent has not cited and we are not aware of a case in which our courts have found a substantial right under these circumstances. Respondent has also failed to show what right would be
 
 clearly lost or irreparably harmed
 
 by continuing this proceeding to final judgment. We note that the trial court's order granting summary judgment applied only to third-party respondents Fremont and O'Neal and their interest in the Wayne Brewer tract. The trial court has not decided the parties' rights in the marital property, including the petition to partition the land. We believe that the interests of justice are best served by allowing the trial court to reach a final judgment on all issues, rather than considering these matters through multiple appeals. If respondent is the aggrieved party,she will have the opportunity to appeal and assert her life estate claim before the land is actually partitioned.
 

 Finally, we are guided by longstanding principles of appellate procedure. The purpose of the restriction on the right to appeal immediately from an interlocutory order is "to prevent fragmentary, premature and unnecessary appeals by permitting the trial divisions to have done with a case fully and finally before it is presented to the appellate division."
 
 Waters,
 

 294 N.C. at 207
 
 ,
 
 240 S.E.2d at 343
 
 . "Appellate procedure is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from the final judgment."
 
 Raleigh v. Edwards,
 

 234 N.C. 528
 
 , 529,
 
 67 S.E.2d 669
 
 , 671 (1951).
 

 Based on our careful review of the record, we cannot conclude that respondent will be irreparably harmed pending a final resolution of this case. Accordingly, we return this case to the trial court for determination of the entire controversy.
 

 Appeal dismissed.
 

 Judges BRYANT and ELMORE concur.
 

 Report per Rule 30(e).